IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK LEE BOHALL ) | |
| ) | |
| Plaintiff, ) | No. 1:06CV01482 (HHK) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO VACATE ENTRY OF DEFAULT**

This is a civil action in which plaintiff alleges that the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged wrongful collection and injunctive relief respecting federal taxes.

QUESTION PRESENTED

Plaintiff failed to properly serve the United States because the Internal Revenue was not served. Plaintiff failed to exhaust his administrative remedies prior to filing his suit. Should this Court vacate the entry of default against the United States?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff Patrick Lee Bohall filed this complaint on August 21, 2006. The complaint alleges that in connection with the collection of federal tax agents and employees of the Internal Revenue Service disregarded provisions from the Internal Revenue Code. 1/ On September 27, 2006, plaintiff filed a return of service showing that the United States Attorney for the District of Columbia

---

1/   Plaintiff's case is one of more than 100 known cases filed in this Court with identical or nearly identical complaints.

and the Attorney General were served by certified mail. (See PACER ## 2, 3.) However, plaintiff has not filed a return of service evidencing service on the Internal Revenue Service.

        2. <u>Plaintiff's request for entry of default.</u> On November 29, 2006, plaintiff filed a request for entry of default. (Pltf.'s Req. for Entry of Default.) In his request, plaintiff recited that he had served the United States and that an answer was due to be filed on November 6, 2006. (Pltf.'s Req. for Entry of Default ¶ 3.) On December 12, 2006, the Clerk entered the requested default.

## ARGUMENT

### I

### THE COURT LACKS PERSONAL JURISDICTION OVER THE UNITED STATES SINCE PLAINTIFF FAILED TO PROPERLY SERVE THE UNITED STATES

Under Fed. R. Civ. P. 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States whose order is being challenged. See Fed. R. Civ. P. 4(i); <u>Relf v. Gasch</u>, 511 F.2d 804 (D.C. Cir. 1975); <u>Hodge v. Rostker</u>, 501 F. Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response.  <u>Rabiolo v. Weinstein</u>, 357 F. 2d 167, 168 (7th Cir. 1966); <u>see also</u> <u>Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance of an action.  <u>Bland v. Britt</u>, 271 F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  <u>See</u> <u>Light v. Wolf</u>, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper.  <u>See</u> <u>Myers v. American Dental Ass'n</u>, 695 F. 2d  716, 725 n.10 (3d Cir. 1982); <u>Familia De Boom v. Arosa Mercantil, S.A.</u>, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, upon information and belief, plaintiff has not served the Internal Revenue Service with a summons and a copy of the complaint.  Accordingly, since plaintiff has failed to properly serve the United States, the default should be vacated, and his complaint must be dismissed.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS SUIT

    A.    *This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Damages Claim*

Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Comp., Remedy Sought ¶¶ 1, 2, 3). This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).2/

---

2/    The United States is aware that the court in Turner v. United States, 429 F. Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. For the reasons stated above, the United States continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in Turner relied upon Arbaugh v. Y & H Corp., 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in Arbaugh could claim the benefit of the sovereign's long-recognized general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"Lehman v. Nakshian, 453 U.S. 156, 160 (1981)

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Plaintiff should have sent his administrative claim to the area director to the attention of the compliance technical support manager as required by 26 C.F.R. § 301.7433-1(e). Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should vacate the default and dismiss the complaint.

> B. *Plaintiff's Request for Injunction Is Barred by the Anti-Injunction Act*

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities. (Comp., Remedy Sought ¶ 4). Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court

---

(emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction.

One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, Arbaugh did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. Arbaugh did not overrule Nakshian, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow Glass, McGuirl, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the Turner decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

3

shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiff's claim. See 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case. In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiff alleges that the Internal Revenue Service acted improperly, but does not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing

and his entitlement to relief.  Primarily he merely expresses his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.

As for the second prong, plaintiff has failed to demonstrate the existence of equitable jurisdiction.  Plaintiff must show that there is irreparable injury and inadequacy of legal remedies.  See <u>Foodservice & Lodging Institute</u>, 809 F.2d at 844-45; <u>Flynn</u>, 766 F.2d at 598.  In certain situations, plaintiff can temporarily forestall collection — which is the ultimate relief he requests — by requesting a "collection due process hearing" with the Internal Revenue Service.  <u>See</u> 26 U.S.C. § 6330.  Moreover, he can fully pay the taxes and <u>then</u> file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which he can obtain relief, there is no equitable jurisdiction.  Accordingly, the second prong of the <u>Enochs</u> test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act.  Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception.  Thus, the Court should vacate the default and dismiss this case.

III

THE DEFAULT AGAINST THE UNITED STATES WAS
IMPROVIDENTLY ENTERED

A default may be entered by the Clerk or a judge when a defendant fails to file a responsive answer.  See <u>Capital Yacht Club v. Aviva</u>, 228 F.R.D. 389 (D.D.C. 2005).  Since "strong policies favor the resolution of genuine disputes on their merits,"

however, the Court has discretion to set aside entry of default for "good cause shown." Id. To determine "good cause," the Court should consider three criteria: 1) whether the default was willful, 2) whether a set-aside would prejudice plaintiff, and 3) whether the defendant has presented a meritorious defense. Id. (citing Whelan v. Abell, 48 F.3d 1247, 1259 (D.C. Cir. 1995). All the factors favor setting aside the default in this case.

As explained above, there was improper service on the United States – denying the United States proper notice. It is imperative that plaintiff properly serve the United States as required by Fed. R. Civ. P. 4(i) to enable a timely response from the government. Clearly, the United States' lack of an answer was not a willful default. Plaintiff's request for entry of default by the Clerk was untenable at that juncture in the case.

Further, plaintiff will in no way be prejudiced. As indicated above, he has failed to properly serve the United States, and this Court lacks jurisdiction over his claims. 3/ For the same reasons, the United States has presented a meritorious defense.

For all these reasons, the default should be vacated.

/ /

/ /

/ /

/ /

---

3/    Even were the Court to disagree that it lacks subject matter jurisdiction, the Court would still be unable to enter a judgment for damages, since plaintiff has not exhausted his administrative remedies.

CONCLUSION

It is the position of the United States that the Clerk's entry of default should be vacated.

Date: January 16, 2007.

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney