UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Patrick Lee Bohall,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

No. 1:06CV01482 (HHK)

OPPOSITION TO MOTION TO VACATE

### PLAINTIFF'S OPPOSITION TO MOTION TO VACATE DEFAULT

Defendant attempts to move the Court to vacate the Clerk's entry of Default entered December 12, 2006 (Dkt #5). Defendant's motion fails for the following reasons:

**COUNSEL'S SERVICE ARGUMENT FAILS**

Counsel argues that Plaintiff failed to serve the Internal Revenue Service. Plaintiff is suing the UNITED STATES as set forth in Title 26 USC §7433-1. The Internal Revenue Service is not, and indeed could not be, a party to the instant action. The proper parties have been served in accordance with the Federal Rules, the statute under which Plaintiff is suing, and applicable regulations. (Dkt #2 and 3)

Counsel's argument regarding failure to serve the Internal Revenue Service, an entity which could not properly be a party to the instant action, is entirely without merit. Counsel's attempt to create a material issue where none exists is not sufficient to cure defendant's current situation, and does provide the Court reason to vacate default.

Although Counsel's citations purportedly in support of her "service" argument are unavailing owing to the fact that service in the instant matter was proper, three cases cited by Counsel are of particular interest.

## QUESTION PRESENTED

Did defendant, by and with the active assistance of Counsel, intentionally misrepresent the cases cited below in an effort to mislead the Court?

**Case In Point:**

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S.694, did not even address service of process, and counsel's citation thereof as support for a "failure to properly serve" argument is a clear misrepresentation of that case. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee* involved a district court's decision over matters governed by Fed.R.Civ.P. 37, as shown in the case syllabus:

> "Federal Rule of Civil Procedure 37(b)(2)(A) provides that a district court, as a sanction for failure to comply with discovery orders, may enter [a]n order that the matters regarding which the [discovery] order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order."

Rule 37 has nothing to do with service of process by any person, in any capacity, under any rule. Thus, Counsel's citation of said case is seen as intentionally misleading.

**Case In Point:**

*Light v Wolf,* 816 F 2d 746 (D.C. Cir. 1987) speaks for itself:

> "This case concerns the proper method of service of process on a federal official who is being sued, ostensibly in her individual capacity, for activities that might actually fall within the scope of her official duties. More specifically, the question is whether in that situation service upon the individual alone is sufficient, or whether, as the District Court held, service on the United States is also required."

*Light v Wolf* was about nothing more than whether a federal employee (Beatriz Saiz, for example) could sue her boss (USA Taylor, for example), for interfering with a private contract (with a local law firm, for example). The case was dismissed solely because service of process was quashed:

> "Employee of government agency brought action against agency supervisor for slander and tortious interference with contract involving contract employee had negotiated with private foundation. The United States District Court for the District of Columbia, John Garrett Penn, J., ordered that service of process be quashed and action be dismissed. Employee appealed. The Court of Appeals, Harold H. Greene, District Judge, sitting by designation, held that, although allegations of employee's complaint on their face supported employee's claim that action was purely private dispute, action might in substance be regarded as one against supervisor in her official capacity, and thus employee's failure to serve copy of summons and complaint on both supervisor and United States required dismissal of action. "

Clearly, *Light v Wolf* had nothing to do with how defendant Wolf was served, nor even how the United States was (not) served (at all) in what was intended to be a private cause of action. As with Counsel's fraudulent citation of *Ireland*, Counsel again is shown to be intentionally misleading by misrepresenting *Light v Wolf* to the Court.

**Case In Point:**

In what is clearly a case so far removed from Counsel's failed "service" argument that Counsel's reliance upon and misrepresentation thereof rises to a disturbing level of contempt, *Relf v Gasch,* 511 F.2d 804 (DC Cir 1975) was a case in which Relf, as next friend for minor relatives (also Relfs), sought mandamus against Gasch, a District Court Judge, for transferring a Federal Tort Claims Act action regarding the unauthorized, nonconsensual tubal sterilization of the minor Relfs.

While Plaintiff believes that the depths of this outrageous misrepresentation can only be fully understood by a complete reading of *Relf*, the essential point is that the

D.C. Circuit found that Judge Gasch lacked jurisdiction to <u>transfer the repugnant case</u> from the District of Columbia to the Middle District of Alabama. Relf, note 12.

*Relf* had <u>absolutely nothing</u> to do with service of process in any form, by any person, in any capacity. Plaintiff considers Counsel's use of such obviously boilerplate citations to be an affront to the dignity of the Court; particularly the citation of *Relf*.

Moreover, Counsel's motion is clearly *not* supported by her accompanying memorandum. Said motion alleges Plaintiff "... failed to properly serve the United States,...". However, Counsel's memorandum, debatably in support thereof, wages a failed argument based upon the untenable position that the instant matter should be dismissed for failure to serve an entity which could not possibly be a party. Failure to meet Counsel's absurd interpretation of the statute and regulation(s) in question does not create an issue upon which the Court can act. Service of process in the instant matter was carried out in accordance with the Federal Rules, the statute under which the instant action is brought, and the applicable regulations. Counsel's service argument fails as groundless and contrary to the record evidence contained on the Court's docket.

**COUNSEL'S EXHAUSTION ARGUMENT FAILS – JURIDICTION IS PROPER**

Plaintiff submitted an administrative claim with the Internal Revenue Service prior to filing the instant action. Said claim was mailed to the Compliance Technical Support Manager in accordance with 29 CFR §301. 7433-1

Plaintiff inadvertently omitted a copy of the aforementioned administrative claim form the exhibits submitted with Plaintiff's initial filing of complaint. However, Plaintiff now submits a copy of said claim as **Exhibit H**.

Defendant has not been prejudiced by Plaintiff's late submission of said claim in any way. Indeed, defendant's agency, the IRS has not rendered a decision on said claim to date. Nor has defendant's agency contacted Plaintiff seeking additional records, a meeting, or an offer of settlement.

Furthermore, Counsel failed to exercise due diligence by allowing more than 130 days to transpire without verifying whether Plaintiff filed an administrative claim.

Plaintiff faced expiration of the statute of limitations with regard to filing the instant action, and submitted the subject administrative claim within the last six months of the two year period. The improper dismissal sought by defendant would be extremely prejudicial to Plaintiff.

**COUNSEL'S ANTI - INJUNCTION ARGUMENT FAILS**

Counsel's argument against un-sought injunctive relief is meritless. Plaintiff does not seek injunctive relief. Moving the Court for an order directing a party to refrain from "acting in disregard of law or regulation" (Pl. Comp. pg 17 #4) cannot properly be construed a prayer for injunctive relief. To hold otherwise would require either an admission by defendant that the actions complained of are clearly illegal, and therefore an order directing defendant to refrain from breaking the law would hinder defendant in the continuation of such illegal activities, or a determination from the Court wherein defendant's actions are acknowledged as illegal and therefore defendant requires protection from being ordered to refrain from breaking the law in order to continue implementing such actions. The portion of Plaintiff's request for relief that Counsel objects to merely asks the Court to order defendant's agency to adhere to the laws and

regulations as written. Plaintiff respectfully asserts the issuance of such an order is well within the Court's discretion regardless of the subject matter at issue.

Counsel's misreading and mischaracterization of Plaintiff's complaint is evident as Counsel argues "...plaintiff can temporarily forestall collection— which is the ultimate relief he requests — ..." (Def.'s Mem pg. 8 ¶ 2). Plaintiff has not requested injunction or that the Court issue an order to "forestall collection" as Counsel falsely asserts. Indeed, Counsel's imaginative conclusion cannot be said to have been drawn from any part of Plaintiff's complaint. Such a presumptive conclusion, based upon nothing other than Counsel's desire to mislead, is tantamount to a fraud upon the Court.

**COUNSEL'S ARGUMENT REGARDING "GOOD CAUSE SHOWN" FAILS**

Counsel argues that default against the defendant was improvidently entered. However, the record evidence in the instant matter proves defendant was properly served (Dkt # 2 and 3) and Counsel failed to plead or otherwise defend within the very liberal reply time of sixty days. Specifically, Counsel did not enter a notice of appearance until more than 70 days after defendant was served.

### QUESTION PRESENTED

Although the Courts favor resolution of disputes on their merits, can the Court excuse flagrant contempt for the Rules, dereliction of duty, and false statements on the scale of that exhibited by Counsel for the defendant in the instant matter?

### DISCUSSION

Counsel did not enter a Notice of Appearance upon the Court's docket until more than 130 days had passed. Said Notice of Appearance being more than 70 days later

than the due date set by the Clerk, Counsel is certainly not in a position to claim the Clerk's entry of default was improper in any respect. Counsel next argues the Court has the discretion to set aside entry of default for "good cause shown" (Def.'s Mem pg 9 ¶1).

However, defendant, through Counsel has failed to show any such "good cause", and has instead exhibited a willingness to mislead the Court through intentionally mischaracterizing the case at bar, and the use of patently false statements in its pleadings. Counsel asserts, "To determine "good cause," the Court should consider three criteria: 1) whether the default was willful, 2) whether a set-aside would prejudice plaintiff, and 3) whether the defendant has presented a meritorious defense. Id. (citing Whelan v. Abell, 48 F.3d1247, 1259 (D.C. Cir. 1995)." (Def.'s Mem. pg 9 ¶1)
Next, Counsel falsely asserts "All the factors favor setting aside the default in this case."

Such assertions, rendered under the present circumstances, must be construed as intentionally misleading.
Weighing Counsel's pleadings against the criteria she cited:

**Addressing Counsel's point #1**; the record in the instant matter clearly shows defendant was properly served in accordance with the Federal Rules. Defendant's failure to plead or otherwise defend is inexcusable, and Counsel's failed argument claiming Plaintiff failed to serve the Internal Revenue service is irrelevant.

Moreover, Counsel's motion to vacate (Dkt. # 7-1) falsely asserts Plaintiff "failed to properly serve the United States," Counsel's motion contains a statement which is clearly untrue. Such false statements contained in pleadings should not work to benefit those seeking leniency from the Court. Counsel does not get the 'benefit of the doubt' regarding knowledge of the proper parties involving actions brought under §7433.

Counsel's footnote #1 is proof that Counsel and the agency for which she works are quite familiar with §7433 actions.

**Addressing Counsel's point #2**; Plaintiff would indeed be prejudiced if the Court were to set aside the Clerk's entry of default. Plaintiff has already been wrongfully delayed more than seventy days in excess of the time allowed by the Federal Rules. Now, Counsel seeks the assistance of the Court to further violate the Federal Rules by attempting to move the Court to vacate in violation of Local Rule 7 (g).

Moreover, Plaintiff filed suit within the last six months of the statute of limitations and would be extremely prejudiced if the Court were to grant defendant's defective and intentionally misleading motion in violation of Local Rule 7 (g).

## QUESTION PRESENTED

Can the Court grant defendant's defective motion to vacate?

Defendant, through Counsel, has entered a defective motion to vacate. Local Rule 7 (g) clearly defines the conditions under which entry of default can properly be vacated. Counsel's motion is in clear violation of said local rule, in that her motion is not accompanied by a verified answer. Plaintiff, who has already been prejudiced by Counsel's dereliction of duty and false statements, now faces even further prejudice in that Counsel for the defendant seeks to commit another violation of the Federal Rules.

Indeed, Counsel's blatant contempt for said Rules is evident in her motion to vacate which is now before the Court. Therein, Counsel presumes to have authority to submit "...a motion to dismiss in lieu of the verified answer required by Local Rule 7(g)."

In light of Counsel's 1) failure to show "good cause", 2) her false statements throughout her motion to vacate and its memorandum disputably in support thereof, and

3) her clearly expressed desire to violate yet another Federal Rule, the Plaintiff certainly would be prejudiced if the Court were to grant Counsel's defective motion.

**Addressing Counsel's point #3**; the defendant, through Counsel clearly has not presented a meritorious defense. Defendant has offered no defense whatsoever. Local Rule 7 (g) provides the avenue for relief in defendant's circumstances, and Counsel's efforts to circumvent said rule cannot be construed as a defense. The docket in the instant matter shows defendant failed to address Plaintiff's complaint for more than 130 days. The record is clear <u>evidence against any "good faith" or "good cause" argument</u> Counsel could formulate at this juncture.

Indeed, Counsel has 'shown her cards' as to the type of 'defense' the defendant is contemplating. Counsel's motion to dismiss (Dkt. # 8-1) provides a clear indication that defendant has no intent to properly defend against Plaintiff's complaint. Said motion to dismiss contains the same false statements regarding alleged failure to properly serve the United States, injunctive relief, and Counsel's absurd interpretation of §7433 wherein she imagines the Internal Revenue Service should be a party to the action.

Moreover, Counsel's motion to dismiss is in clear violation of Local Rule 7 (g) in that said rule does not allow for such a motion prior to the entry of a verified answer. Counsel's brazen attempt to circumvent Local Rule 7 (g) by granting herself the authority to waive the requirements thereof rises to a level of audacity this Pro se Plaintiff did not expect to encounter in the D. C. Circuit.

## CONCLUSION

Defendant's motion to vacate fails in every respect. Said motion, 1) contains false statements clearly contrary to the record evidence, 2) exhibits extraordinary contempt

for the Federal Rules by being lodged in violation of Local Rule 7 (g), 3) carries case citations which are irrelevant, immaterial, and scandalous, and 4) fails to establish even a minimal showing of "good cause".

Plaintiff respectfully requests the Court deny defendant's motion to vacate in its entirety.

Dated: January 24, 2007

Respectfully submitted,

*(signature)*

Patrick Lee Bohall

### CERTIFICATE OF SERVICE

I certify that a true, correct, and complete copy of the foregoing OPPOSITION TO MOTION TO VACATE was served upon Counsel for defendant on the 24th day of January, 2007, by USPS, addressed as follows:

Beatriz T. Saiz
U.S. Dept. of Justice
P.O. Box 227
Washington, D.C.  20044

Date: January 24, 2007

*(signature)*

Patrick Lee Bohall