EXHIBIT H.    NO. 1:06 CV 01482 (HHK)

# VERIFIED ADMINISTRATIVE
# CLAIM FOR DAMAGES

Area 9, Area Director, St. Paul
316 North Robert Street, Stop 1000
St. Paul, MN 55101

Attn: Compliance Technical Support Manager


Patrick Lee Bohall
c/o 3900 Dakota Ave. #8
South Sioux City, Nebraska
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
   Claimant,


# ADMINISTRATIVE CLAIM
# IN ACCORDANCE WITH 26 CFR § 301. 7433-1

## I
## INTRODUCTION

This Administrative Claim for damages is being brought by Patrick Lee Bohall, hereinafter, Claimant, in accordance with 26 CFR § 301.7433-1. Claimant has been damaged as a result of the actions of Internal Revenue Service officers, agents, and, or employees. Internal Revenue Services' agents, officers, and, or employees have, in connection with the collection of a federal tax, acted willfully, recklessly and/or intentionally, with intent to defeat, and disregarded provisions of the Internal Revenue Code and regulations promulgated under the Internal Revenue Code.

Claimant continues to be damaged as a direct result of Internal Revenue Service agents, officers, and, or employees disregard for provisions of the Internal Revenue Code and regulations promulgated under the Internal Revenue Code.

Claimant continues to be damaged as a direct result of Internal Revenue Service agents, officers and, or employees continual and ongoing disregard for and misapplication of provisions of the Internal Revenue Code and regulations promulgated under Title 26 U.S.C.

Claimant has exercised all measures within his means to mitigate damages.

Title 26 USC §7433 is Claimant's exclusive remedy for obtaining damages for the unauthorized collection activity conducted by Internal Revenue Service.

Administrative Claim for Damages  Patrick Lee
Bohall
7433 Exhibit  Page 1 of 12

Internal Revenue Service has sent voluminous correspondence to Claimant in which each and every piece of correspondence is a final agency action that articulates a very clear position that the Internal Revenue Service is unwilling to reconsider.

Internal Revenue Service has sent numerous letters to Claimant each alleging a different amount in dispute. Thus, the amount in dispute cannot be completely and accurately ascertained at this time.

## II
## CLAIMS[1]

COUNT 1

Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 C.F.R. §601.702(c) with intent to defeat the application thereof, by failing to answer correspondence of the Claimant's within 10 days. By its silence, Internal Revenue Service has articulated a very clear position on an issue which it has demonstrated it would be unwilling to reconsider@, showing bias.

COUNT 2

Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees have sent Claimant a continuing series of collection letters.  Claimant has responded to the aforementioned collection letters requesting documentation under tax records law, federal records law, federal records access law and their respective regulations, to support the position taken in the aforementioned collection letters. By agency action, Internal Revenue Service has demonstrated that such supporting documentation is lacking. The aforementioned collection letters are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

Internal Revenue Service disregarded 26 U.S.C §6103(e) with intent to defeat the application thereof by refusing to disclose Claimant's income tax return information to Claimant.

COUNT 3

Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C §6103(a) with intent to defeat the application thereof by disclosing confidential income tax return information to persons not statutorily authorized to receive such information.

COUNT 4

Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C §6201(a) with intent to defeat the application thereof by failing to make any

---

[1] This listing is not inclusive. There may be other provisions of Title 26 and its regulations that Claimant is not aware of which have been disregarded.

assessment whatsoever of the taxes and penalties for any of the aforementioned years Claimant allegedly owes;

COUNT 5
    Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C §6202 with intent to defeat the application thereof by failing to make an assessment of the taxes and penalties for any of the aforementioned years Claimant allegedly owes, within the time and mode set forth by the secretary;

COUNT 6
    Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6501(a) with intent to defeat the application thereof by neglecting to assess taxes allegedly owed within three years;

COUNT 7
    Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6203 with intent to defeat the application thereof by failing to record an assessment of the taxes and penalties for any of the aforementioned years Claimant allegedly owes;

COUNT 8
    Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6203 with intent to defeat the application thereof by failing to furnish Claimant copies of the records of assessment (forms 23C) of taxes and penalties for any of the aforementioned years upon Claimant request (there is no statutory authority to substitute any other form for a form 23C). Claimant has requested copies of all of the aforementioned assessment records for all of the aforementioned years. Claimant has not received the requested/required documentation;

COUNT 9
    Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §7214(a) with intent to defeat the application thereof by attempting and continuing to attempt to collect sums greater than appear on [the non-existing] records of assessment of taxes and penalties for any of the aforementioned years;

COUNT 10
    Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6402 with intent to defeat the application thereof by failing to return to Claimant all monies unlawfully collected from Claimant as 'taxes' upon Claimant's written request to the United States Treasurer;

Administrative Claim for Damages                                                            Patrick Lee
Bohall
7433 Exhibit                          *Page 3 of 12*

COUNT 11
Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6212 with intent to defeat the application thereof by failing to send Claimant a notice of deficiency (90 day letter) for each of the aforementioned years;

COUNT 12
Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6213(a) with intent to defeat the application thereof by failing to notice Claimant of the last date on which Claimant could file a petition to the Tax Court for each of the aforementioned years;

COUNT 13
Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6404(g) with intent to defeat the application thereof by failing to suspend interest and penalties for reason that Internal Revenue Service has not specifically stated the amount of, and the basis for the liability Internal Revenue Service says Claimant owes for each of the aforementioned years;

COUNT 14
Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6751(a) with intent to defeat the application thereof by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty;

COUNT 15
Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6751(b)(1) with intent to defeat the application thereof by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination;

COUNT 16
Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §7491(c) by refusing to produce any evidence with respect to the imposition of each penalty and additions;

COUNT 17
Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §7602(a) with intent to defeat the application thereof by conducting a presumed financial status audit for each of the aforementioned years;

COUNT 18
  Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §7491(b) with intent to defeat the application thereof by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years;

COUNT 19
  Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof by failing to send the Claimant a thirty (30) day notice for each of the aforementioned years;

COUNT 20
  Beginning with "tax year" 2001 through and including the present year Internal Revenue Service, through principals, officers, agents, and/or employees disregarded by failing to comply with the Federal Records Act, 44 USC § 3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, which requires the IRS to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency; and the essential transactions of the agency. This failure is supported by the GAO audit reports for the years 1993 through and including 2005. Claimant provides an extraction from the aforementioned GAO audit reports in support of this claim: The following extractions from the GAO audit reports for the years 1993 through and including 2003 establish that without exception: IRS records are generally unreliable, the IRS cannot generate a file or listing of detailed transactions such as assessments, collections, abatements, refunds, and interest recorded; IRS permits employees to make unauthorized access and modifications to taxpayer information; IRS cannot retrieve the detailed information needed to summarize individual types of transactions, such as penalties or interest, or support the information included in IRS' reports; IRS cannot ensure that (1) manual entries are appropriate and authorized and (2) any keying errors associated with manually inputted entries are detected; IRS' systems do not routinely produce reliable information about valid and collectible accounts receivable; IRS' automated records contain errors and IRS does not record tax assessments, payments and other activities; IRS controls over cash, checks and related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the risk of theft, loss, or misuse of such funds and data; many assessments were erroneous; IRS stated that it generally agreed with the findings and conclusions in the reports.

### III
### Legal Authority

1. Section 7433 of the Internal Revenue Code provides 'taxpayers' with a cause of action for damages against the United States when in connection with the collection of any federal tax where IRS principals, officers, agents, , and/or employees willfully, recklessly, intentionally or by reason of negligence disregard any

    provision of Title 26 United States Code and the regulations promulgated thereunder.

2. Before sums deposited in respect of a 'presumed taxpayer' can be converted to use by the United States Treasury, the 'taxpayer' must be assessed. The term 'assessment' has a technical meaning binding on a court and on the government. United States v. Miller, 318 F.2d 637, (7th Cir. 1963); See also Davis v Strople (Fla) 39 So 2d 468; People ex rel. Mayfield v Springfield, 16 Ill 2d 609, 158 NE2d 582;, 77 Ohio St 311, 83 NE 392; Morissette v United States, 342 US 246; 96 L.Ed. 288; 72 S. St 240; Case v Los Angeles Lumber Products Co. 308 US 106, 84 L Ed 110, 60 S Ct 1, reh den 308 US 637, 84 L Ed 529, 60 S Ct 258.

3. The assessment process regarding federal income taxes is a matter controlled by statutes and regulation; **IT IS NOT POSSIBLE FOR A "TAXPAYER" TO MAKE AN ASSESSMENT**. 26 C.F.R. §§ 301.6201-1 and 301.6203-1; Girard Trust Bank v. United States, 643 F.2d 725 (Ct.Cl. 1981).

4. The *Internal Revenue Code* articulates clearly what an 'assessment' is and the *Code* clearly defines the form which is to be completed for an assessment. In the 1954 and 1986 Internal Revenue Codes, § 6201(a) authorizes the Secretary of the Treasury to make assessments.

5. The method of recording an administrative act such as an assessment is governed by IRC section 6203, which provides:
    > The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment (emphasis added).

6. The term Secretary means the Secretary of the Treasury or his delegate 26 U.S.C. §7701(a)(11)(B).

7. The specific tax regulation concerning the assessment process is 26 C.F.R § 301.6203-1 which reads in pertinent part:
    > [T]he director of the regional service center shall appoint one or more assessment officers. The assessment shall be made by an assessment officer signing the summary record of the assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. See United States v. Coson, 286 F.2d

453 (9th Cir. 1961); <u>Kurio v. United States</u>, 281 F. Supp. 252 (D.C.Tex. 1968); <u>Heck v. Walters</u>, 523 F.2d 23 (C.A. Cal. 1975); <u>United States v. Taylor</u>, 305 F.2d 183 (4th Cir.), *cert. denied*, 371 U.S. 894 (1962).

There can be no dispute that the assessment list is the supporting record and is absolutely essential before an assessment can be made. The regulation references a signed document and is consistent with the supporting statute which provides that the taxpayer is entitled to a copy reference to which implies that a hard copy exists.

8. By the Internal Revenue Service's own admission in its IR Manual [5312(1), MT 5300-1 (11-15-85)], the assessment lists support the assessment certificate:
> The foregoing statement from the IR Manual is a party admission that an assessment list must exist. See <u>United States v. Van Griffin</u>, 874 F.2d 634, 638 (9th Cir. 1989) (Government manuals are admissible as party admissions under Fed.R.Evid. 801(d)(2)(D)).

9. In addition to the above IRM provision which proves that Form 23-C is the assessment form, established decisional authority also reveals that a tax assessment is made upon Form 23-C. For example, in <u>Meyersdale Fuel Co. v. United States</u>, 44 F.2d 437, 443 (Ct.Cl. 1930), Form 23-C is mentioned: When the Commissioner of Internal Revenue makes an assessment of taxes, he signs a list entitled 'Commissioner's assessment list' on Form 23C-1.

10. In <u>Brafman v. United States</u>, 384 F.2d 863 (5th Cir. 1967), the procedure for the execution of a tax assessment on a Form 23-C was articulated. In *Brafman*, the government sought to attach liability for unpaid estate taxes to an heir of that estate under a transferee liability theory. But, Mrs. Brafman argued that she was not so liable because the assessment certificate relevant in that case was unsigned. In agreeing with that argument and holding the certificate at issue void, the court stated:
> The assessment certificate involved in this case, a photostated [sic] copy of which is in the record, is not signed by an assessment officer or by any other official ... Since the certificate lacks the requisite signature, it cannot constitute a valid assessment. Id. at 865-66.

> Even the instructions on the reverse side of the assessment certificate, Form 23-C, specify that the original form ... "is to be transmitted to the District Director for signature, after which it will be returned to the Accounting Branch for permanent filing." Id. at 866.
> What is important in any case is that the assessment is not automatic upon recordation; **it requires the action of an assessment officer**. That action, as defined explicitly in the Treasury Regulations, is the signing of the certificate. Id. at 867. See *also* <u>Stallard v. United States</u>, 806 F.Supp. 152, 158 (W.D.Tex. 1992) (Internal Revenue Service

submitted a 'Form 23C,' which it asserts is a summary record of assessment.) See also Robinson v. United States, 920 F.2d 1157 (3rd Cir. 1990).

11. Merely demanding payment for a tax, even repeatedly, does not cause liability. Bothke v. Fluor Engineers and Constructors, Inc., 713 F.2d 1405 (1983).

12. Several cases disclose the type of information which must be contained on a Form 23-C tax assessment record and its supporting list. For example, in Ianelli v. Long, 329 F.Supp. 1241, 1242 (W.D.Pa. 1971), the description of the various data is as follows:

> The procedure for assessment provides, inter alia, that the assessment officer shall sign the summary record of assessments made against any tax payer, that said action, through supporting records, shall provide identification of the tax payer, the character of the liability assessed, the taxable period as applicable, and the amount of the assessment. The date of the assessment is the date the summary record is signed by an assessment officer. 26 U.S.C.A. § 301.6203-1, Code of Federal Regulations. **Since this procedure was not followed, in this case, therefore, the assessment is void and the executions based thereon are invalid** (emphasis added).    h
> Planned Investments, Inc. v. United States, 881 F.2d 340, 343 (6th Cir. 1989), the court examined the requirements of 26 C.F.R. § 301.6203-1 and concluded:
> Section 6203 of Subchapter A provides that assessment be made by recording the liability in accordance with the regulations promulgated by the Secretary. 26 U.S.C. § 6203 & Treasury regulations provide that the assessment be made by signing the summary record of assessment. 26 C.F.R. § 301.6203-1. The summary record, through supporting documents, must contain the following:
> (1) identification of the taxpayer;
> (2) character of liability assessed;
> (3) taxable period, if applicable; and
> (4) amount of assessment.
> Finally, the court in Robinson v. United States, 920 F.2d 1157, 1158 (3rd Cir. 1990), described the assessment process as:
> A duly designated official for the district or regional tax center signs the summary record of the assessment, which identifies the taxpayers, the type of tax owed, the taxable period and the amount of the assessment. 26 U.S.C. § 6203; Treas. Reg. § 301.6203-1. See also Essex v. Vinal, 499 F.2d 265, 230 (8th Cir. 1974).

13. There is no statutory authority for the IRS to substitute any other form or document for the required form 23-C (Summary Record of Assessment).

14. Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.
Although Claimant has made demand upon the Commissioner (copy attached) these documents have not been issued to Claimant.
In addition Claimant would emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgment. **ABSENT AN ASSESSMENT, NO TAX EXISTS**. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment) Absent an assessment, NO TAX EXISTS. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment), Ridinsky v. United States, 622 F. Supp. 331 (1985); Estate of M. Karl Goetz v. United States, 286 F.Supp. 128; In re Western Trading Co., 340 F.Supp. 1130 (D.Nev. 1972). **The absence of the requisite documents proves, as an adjudicative fact, that there has been no assessment and, consequently, no tax exists and no tax collection activities may be pursued.** (**Mandatory Judicial Notice** FED.R.EVID. ).

15. It is well established that anyone who deals with the government assumes the risk that the agent acting in the government's behalf has exceeded the bounds of his authority. Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093 (9th Cir. 1981); Lavin v. Marsh, 644 F.2d 1378 (9th Cir. 1981): Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1 (1947); Government of the Virgin Islands v. Gordon, 244 F.2d 818 (3rd Cir. 1957). However, public officers are but agents whose authority is defined and limited by law. Their acts beyond their lawful powers are ineffectual to bind the public, which they represent, and their neglect and laches can seldom affect public rights. Hale County, Texas v. American Indemnity Co, 63 F.2d 275 (5th Cir. 1933); Board of Comm. of Peace Officers Annuity and Benefit Fund v. Clay, 214 Ga. 70, 102 S.E.2d 575, (1958); Pierce v. United States, 7 Wall. (74 U.S. 666, 673 (1868); Federal Trade Commission v. Raladam Co., 283 U.S. 643, 51 S.Ct. 587 (1931); United States v. Forster, 131 F.2d 3 (8thCir. 1942). The acts of federal agents "committed without delegated authority" are also held void in Cudahy Packing Co. v. Holland, 314 U.S. 357, 62 S.Ct. 651 (1942); United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820 (1974); United States v. Pees, 645 F.Supp. 687 (D.Col. 1986); United States v. Hovey, 674 F.Supp. 161 (D.Del. 1987); United States v. Spain, 825 F.2d 1426 (10th Cir. 1987); United States v. Emerson, 846 F.2d 541 (9th Cir. 1988); United States v. McLaughlin, 851 F.2d 283 (9th Cir. 1988); and United States v. Widdowson, 916 F.2d 587, 589 (10th Cir. 1990).

16. Claimant's exclusive remedy is found under 26 U.S.C. § 7433. <u>Schipper v. United States</u> (E.D.N.Y. 1995); <u>Barron v. United States</u> (D.C.N.H. 1998); <u>Valladares v. IRS</u> (E.D.Cal. 2001); <u>Gille v. United States</u>, 838 F.Supp. 521 (N.D.Okla. 1993); <u>Information Resources, Inc. v. United States</u>, 950 F.2d 1122, (5th Cir. 1992).

17. Administrative claims which Claimant filed with the Internal Revenue Service and the Secretary of the Treasury work to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies before bringing suit for disregarding provisions of Title 26 United States Code and its regulations in connection with collection activities. Even assuming some minor defect in Claimant's administrative claim, requiring Claimant to comply with obsolete regulations or to again pursue administrative remedies would amount to nothing more than futile reexhaustion. <u>Hurt v. United States</u>, 914 F. Supp. 1346, (S.D.W.Va. 1996).

18. The penalties for disclosure of confidential information by an officer or employee of the United States or of any department or agency thereof are prescribed in 18 U.S.C. § 1905. In <u>United States v. Lee</u>, 106 U.S. 196, 1 S.Ct. 240 (1882), the Court held:
    > No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives.

## IV
## CONCLUSION

19. As pointed out in paragraph 14(legal Authorities) **ABSENT AN ASSESSMENT, NO TAX EXISTS**. In the instant matter no forms 23C exist, therefore no assessment exists for any year relevant to this matter. Therefore, no collection activity against Claimant may be pursued. Thus, all collection activity pursued against Claimant for the aforementioned years constitutes unauthorized collection activity and a disregard with intent to defeat of the provisions of Title 26 U.S.C. and its regulations.

20. As pointed out in paragraphs 5 through 9 (statement of facts) Internal Revenue Services' agency has sent voluminous correspondence to Claimant in which each and every piece of correspondence articulates a very clear position on the issues contained therein which the IRS is unwilling to reconsider.

21. As direct and proximate results of the reprehensible, egregious, and vexatious conduct and the wanton disregarding with intent to defeat the provisions of Title 26 United States Code and the regulations promulgated there-under by Internal Revenue Service's principals, officers, agents, and/or employees Claimant has suffered one or more of the following: (1) substantial personal embarrassment, (2)

loss of income, (3) loss of goodwill, (4) loss of business, (5) loss of property, (6) loss of savings, etc., resulting in actual damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after a determination, by the court, that the Internal Revenue Service's principals, officers, agents, and/or employees disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

23. Such reprehensible, egregious, and vexatious conduct and the wanton disregarding of the provisions of Title 26 United States Code and the regulations promulgated thereunder by Internal Revenue Service's principals, officers, agents, and/or entitles Claimant to punitive damages the extent of which at this time cannot be completely and accurately ascertained, but which will be known more fully known after a determination, by the court, that the Internal Revenue Service's principals, officers, agents, and/or employees disregarded provisions of Title 26 United States Code regulations promulgated under Title 26 United States Code.

24. Section 6103(e)(1)(A)(1) of the Internal Revenue Code, Title 26, United States Code, § 6103(e)(1)(A)(1), grants a statutory right to access one=s own tax records.

25. Federal tax regulation 301.6103-1(c), Title 26, Code of Federal Regulations, §301.6103-1(c), reiterates Internal Revenue Services' statutory obligation.

26. The Federal Records Act, 44 USC §3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, also require the IRS to provide records to Claimant upon request.

27  Section 7433(a) of the Internal Revenue Code, *Vol 68A, Stat 3, § 7433(a)*, Title 26, United States Code §7433(a), states:
"If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions."

28. Federal tax regulation 301.7433-1(a), Title 26, Code of Federal Regulations, §301.7433-1(a), reiterates, "If, in connection with the collection of a federal tax with respect to a taxpayer, an officer or an employee recklessly or intentionally[2] disregards any provision of the Internal Revenue Code or any regulation promulgated under the Internal Revenue Code, such taxpayer may bring a civil action for damages against the United States in federal district court."

## REMEDY SOUGHT

29.  Claimant seeks a determination that Internal Revenue Services' principals, officers, agents, and/or employees disregarded provisions of Title 26 United States Code and/or regulations promulgated under Title 26 United States Code with intent to defeat the application thereof. Claimant seeks Damages as follows:

A.  Claimant seeks damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard; totaling $200,000.00 to be paid to Claimant on or before August 31st, 2006.

Dated: August 8, 2006        By: Patrick Lee Bohall

State of Nebraska                             County of Dakota

Sworn and subscribed before me on: 8-08, 2006. WITNESS my hand and official seal.

Signature: Joan C Spencer _____ NOTARY PUBLIC

**My Commission expires:** 6-30-08

Seal:


GENERAL NOTARY - State of Nebraska
JOAN C. SPENCER
My Comm. Exp. 6-30-08