IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK LEE BOHALL | ) |
| | ) |
| Plaintiff, | ) No. 1:06CV01482 (HHK) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

REPLY TO PLAINTIFF'S OPPOSITION TO THE UNITED STATES' MOTION TO VACATE ENTRY OF DEFAULT

The United States submits that the Court should vacate the Clerk's entry of default for the reasons provided in the memorandum to the motion to vacate. The entry of default was improvident as the Court lacked personal jurisdiction over the United States as plaintiff failed to properly serve the United States. Further, the entry of default should be vacated as the United States has demonstrated good cause as to why the entry of default should be set aside. The United States respectfully requests that the Court vacate the entry of default and grant the United States' motion to dismiss.

The Court lacks personal jurisdiction over the United States as plaintiff failed to properly serve the United States pursuant to Fed. R. Civ. P. 4(i). Plaintiff did not properly serve the United States as he did not serve the Internal Revenue Service. The allegations of plaintiff's unauthorized collection suit is based entirely on the actions of IRS employees. Under Fed. R. Civ. P. 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and

complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States whose order is being challenged.  See Fed. R. Civ. P. 4(i); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F. Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response.  Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action.  Bland v. Britt, 271 F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper.  See Myers v. American Dental Ass'n, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).  Accordingly, since plaintiff has failed to properly serve the United States, the default should be vacated, and his complaint must be dismissed.

Further, the entry of default should be vacated as the United States has demonstrated good cause for setting aside the entry of default.  See Capital Yacht Club v. Aviva, 228 F.R.D. 389 (D.D.C. 2005).   The default was not willful as there was improper service and the plaintiff will not be prejudiced as the Court lacks jurisdiction over plaintiff's claims.  For those same reasons, the United States has presented a meritorious defense.  Clearly, the United States' lack of an answer was not a willful default.  Plaintiff's request for entry of default by the Clerk was untenable at that juncture in the case.

Further, plaintiff will in no way be prejudiced.  As indicated above, he has failed to properly serve the United States, and this Court lacks jurisdiction over his claims. 1/ For the same reasons, the United States has presented a meritorious defense.

For all these reasons,  the default should be vacated.

---

1/  Even if plaintiff filed an administrative claim dated August 8, 2006, 13 days before filing this present suit as he now asserts, the Court would still lack jurisdiction. Since Plaintiff filed suit before receiving a response from the IRS regarding his administrative claim or waiting six months after filing the claim, plaintiff has not exhausted his administrative remedies.  See 26 C.F.R. §301.7433-1.  Further, the administrative claim plaintiff allegedly submitted to the IRS – and attached as Exhibit H– fails to meet the requirements of 26 C.F.R. §301.7433-1(e)(2).  The claim is vague and does not describe in reasonable detail the grounds for the claim.

Moreover, plaintiff has failed to state claim under 26 U.S.C. §7433.  His complaint for damages is legally insufficient because it fails to provide the necessary factual detail to state a claim.

Date: February 6, 2007.

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney