UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

RECEIVED
MAR 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Patrick Lee Bohall,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

No. 1:06CV01482 (HHK)

OPPOSITION TO MOTION TO DISMISS

### PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendant has filed its motion to dismiss the above captioned action. (Dkt #8-1) Counsel for the defendant attempts to move the Court under Fed. R. Civ. P. 12 (b) (1), (2), (5) and (6). Defendant's motion fails on all grounds upon which it purports to rely as follows:

**COUNSEL'S JURISDICTION ARGUMENT FAILS**

Counsel incorrectly argues that the Court lacks subject matter and in personam jurisdiction. This Court has subject matter jurisdiction over Plaintiff's damages action. The instant action is brought pursuant to 26 USC §7433, and as such jurisdiction over the subject matter is unquestionable. Defendant has waived its sovereign immunity for actions brought, as the instant case, under §7433. Moreover, Plaintiff submitted an administrative claim with the Internal Revenue Service prior to filing the instant action. Said claim was mailed to the Compliance Technical Support Manager in accordance with 29 CFR §301. 7433-1. **Exhibit H** definitively proves Plaintiff filed the aforesaid administrative claim. Thus, Counsel's exhaustion argument (Def's Mem pg 3 – 4) fails.

In personam jurisdiction is not an issue in the instant matter, and Counsel's argument that the Court should dismiss Plaintiff's complaint for failure to serve defendant's agency, IRS, is unfounded and intentionally misleading.

## QUESTION PRESENTED

Did defendant, by and with the active assistance of counsel, misrepresent Rule 4(i)(C), by intentionally omitting key language from Counsel's falsified citation of said rule?

## DISCUSSION

Fed. R. Civ. P. 4 (i)(C) states:

(C) **in any action attacking the validity of an order of an officer or agency** of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency. Emphasis added.

Counsel, conveniently omitted from her rendition of said rule, the language emphasized above. (Def's Mem. pg 6 ¶ 1) Such an omission dramatically alters the plain meaning of the rule, but serves to afford Counsel an (intentionally misleading) argument. Clearly, Counsel has misrepresented Rule 4 (i)(C) to the Court in an effort to create a material issue where none exists. Thus, Counsel's argument that Plaintiff failed to serve the Internal Revenue Service fails on its face. Plaintiff is suing the UNITED STATES as set forth in 26 USC §7433-1. The Internal Revenue Service is not, and indeed could not be, a party to the instant action. The proper parties have been served in accordance with the Federal Rules, the statute under which Plaintiff is suing, and applicable regulations. (Dkt #2 & 3)

Counsel's argument regarding failure to serve the Internal Revenue Service, an entity which could not properly be a party to the instant action, is entirely without merit, and based only on her intentionally falsified interpretation of the Federal Rules.

Counsel's case citations purportedly in support of her "service" argument have been addressed previously by Plaintiff in responding to defendant's motion to vacate default. However, the same irrelevant, immaterial citations have re-appeared in Counsel's boilerplate memorandum in support of defendant's motion to dismiss.

## QUESTION PRESENTED

Did defendant, by and with the active assistance of Counsel, intentionally misrepresent the cases cited below in yet another attempt to mislead the Court?

**Case In Point:**

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S.694, did not even address service of process, and counsel's citation thereof as support for a "failure to properly serve" argument is a clear misrepresentation of that case. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee* involved a district court's decision over matters governed by Fed.R.Civ.P. 37, as shown in the case syllabus:

> "Federal Rule of Civil Procedure 37(b)(2)(A) provides that a district court, as a sanction for failure to comply with discovery orders, may enter [a]n order that the matters regarding which the [discovery] order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order."

Rule 37 has nothing to do with service of process by any person, in any capacity, under any rule. Thus, Counsel's citation of said case is seen as intentionally misleading.

**Case In Point:**

*Light v Wolf,* 816 F 2d 746 (D.C. Cir. 1987) speaks for itself:

> "This case concerns the proper method of service of process on a federal official who is being sued, ostensibly in her individual capacity, for activities that might actually fall within the scope of her official duties. More specifically, the question is whether in that situation service upon the individual alone is

sufficient, or whether, as the District Court held, service on the United States is also required."

*Light v Wolf* was about nothing more than whether a federal employee (Beatriz Saiz, for example) could sue her boss (USA Taylor, for example), for interfering with a private contract (with a local law firm, for example). The case was dismissed solely because service of process was quashed:

> "Employee of government agency brought action against agency supervisor for slander and tortious interference with contract involving contract employee had negotiated with private foundation. The United States District Court for the District of Columbia, John Garrett Penn, J., ordered that service of process be quashed and action be dismissed. Employee appealed. The Court of Appeals, Harold H. Greene, District Judge, sitting by designation, held that, although allegations of employee's complaint on their face supported employee's claim that action was purely private dispute, action might in substance be regarded as one against supervisor in her official capacity, and thus employee's failure to serve copy of summons and complaint on both supervisor and United States required dismissal of action."

Clearly, *Light v Wolf* had nothing to do with how defendant Wolf was served, nor even how the United States was (not) served (at all) in what was intended to be a private cause of action. As with Counsel's fraudulent citation of *Ireland*, Counsel again is shown to be intentionally misleading by misrepresenting *Light v Wolf* to the Court.

**Case In Point:**

In what is clearly a case so far removed from Counsel's failed "service" argument that Counsel's reliance upon and misrepresentation thereof rises to a disturbing level of contempt, *Relf v Gasch,* 511 F.2d 804 (DC Cir 1975) was a case in which Relf, as next friend for minor relatives (also Relfs), sought mandamus against Gasch, a District Court Judge, for transferring a Federal Tort Claims Act action regarding the unauthorized, nonconsensual tubal sterilization of the minor Relfs.

While Plaintiff believes that the depths of this outrageous misrepresentation can only be fully understood by a complete reading of *Relf*, the essential point is that the D.C. Circuit found that Judge Gasch lacked jurisdiction to <u>transfer the repugnant case</u> from the District of Columbia to the Middle District of Alabama. Relf, note 12.

*Relf* had <u>absolutely nothing</u> to do with service of process in any form, by any person, in any capacity. Plaintiff considers Counsel's use of such obviously boilerplate citations to be an affront to the dignity of the Court; particularly the citation of *Relf*.

Moreover, Counsel's motion is clearly *not* supported by her accompanying memorandum. Said motion alleges Plaintiff "... failed to properly serve the United States,...". However, Counsel's memorandum, debatably in support thereof, wages a failed argument based upon the untenable position that the instant matter should be dismissed for failure to serve an entity which could not possibly be a party. Failure to meet Counsel's absurd interpretation of the statute and regulation(s) in question does not create an issue upon which the Court can act. Service of process in the instant matter was carried out in accordance with the Federal Rules, the statute under which the instant action is brought, and the applicable regulations. Counsel's service argument fails as groundless and contrary to the record evidence contained on the Court's docket.

**COUNSEL'S ANTI - INJUNCTION ARGUMENT FAILS**

Counsel's argument against un-sought injunctive relief is meritless. Plaintiff does not seek injunctive relief. Moving the Court for an order directing a party to refrain from "acting in disregard of law or regulation" (Pl. Comp. pg 17 #4) cannot properly be construed a prayer for injunctive relief.

To hold otherwise would require either an admission by defendant that the actions complained of are clearly illegal, and therefore an order directing defendant to refrain from breaking the law would hinder defendant in the continuation of such illegal activities, <u>or</u> a determination from the Court wherein defendant's actions are acknowledged as illegal and therefore defendant requires protection from being ordered to refrain from breaking the law in order to continue implementing such actions. The portion of Plaintiff's request for relief that Counsel objects to merely asks the Court to order defendant's agency to adhere to the laws and regulations as written. Plaintiff respectfully asserts the issuance of such an order is well within the Court's discretion regardless of the subject matter at issue.

Counsel's intentional mischaracterization of Plaintiff's complaint is evident as Counsel argues "…plaintiff can temporarily forestall collection— which is the ultimate relief he requests — …" (Def.'s Mem pg. 5 ¶ 2)[1]. Plaintiff has not requested injunction or that the Court issue an order to "forestall collection" as Counsel falsely asserts. Indeed, Counsel's imaginative conclusion cannot be said to have been drawn from any part of Plaintiff's complaint. Such a presumptive conclusion, based upon nothing other than Counsel's desire to mislead, is tantamount to a fraud upon the Court.

Counsel does not get the 'benefit of the doubt' regarding knowledge of the proper parties involving actions brought under §7433. Counsel's footnote #1 is proof that Counsel, and the agency for which she works, are quite familiar with §7433 actions. Thus, defendant's 12 (b) (1), (2), and (5) arguments fail in their entirety.

---

[1] Counsel's memorandum contains two pages labeled as page "-5-". Plaintiff's reference (above) pertains to language found in Counsel's second page numbered as "-5-".

## QUESTION PRESENTED

Was the ground of "failure to state a claim" under Fed.R.Civ.P. 12(b)(6) premature, in the context of "notice pleadings" under Fed.R.Civ.P 8(a), Conley v. Gibson, 355 U.S. 41, and Fed.R.Civ.P 12(h)(2)?

## DISCUSSION

In *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), the Supreme Court examined "essential element of a claim" with respect to factual matters. *Arbaugh*, at 1240. Citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, the Arbaugh Court reiterated:

If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts.

This Court has already determined that "exhaustion" is a factual issue, and the record evidence (Exhibit H) proves Plaintiff has exhausted administrative remedies in accordance with 26 C.F.R. § 301.7433-1(e). However, Counsel continues to argue this settled issue in her boilerplate memorandum. Once again, the United States Supreme Court disagrees:

In Jones v Bock (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October 30, 2006 – Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

> " Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint..."

and that,

> "The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

The Jones Court also reiterated:

> "Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"

and,

> "Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Plaintiff asserts that the Verified Complaint meets the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S.41, and reiterated in *Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____(January, 2007), and that defendant's Motion to Dismiss, insofar as it asserted "failure to state a claim", is premature, and an attempt to pre-empt the jury's authority as the " proper trier" of the contested "essential element" of exhaustion of "administrative remedies available " as described in IRC § 7433(d). Indeed, prior to discovery, Counsel is without information upon which she could properly base such an argument.

### SUPPLEMENTAL QUESTION PRESENTED

Are "general allegations", in the context of the Fed.R.Civ.P 8(a) "notice Pleadings" Rule, as interpreted in *Conley v. Gibson,* 355 U.S. 41, and reiterated in *Jones v Bock*, __ U.S. _____, (Decided: January 22, 2007) (purportedly made by a multitude of Plaintiffs), sufficient to establish a presumption of a pattern of unlawful activity?

## DISCUSSION

Defendant, by and with the assistance of counsel, raised the issue that the allegations in the instant case are "... substantially similar to more than 100 complaints filed recently in this district. ...". (MTD Fnt. # 1) Plaintiff, concerned only with the instant case, asserts that any alleged similarity of allegations in other cases is irrelevant in respect of the instant case, and draws the Court's attention to the fact that the alleged redundancy of such "general allegations", especially in the numbers asserted by defense counsel, strongly indicates a pattern of unlawful activity on the part of defendant's agency. As contemplated in the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961(5):

> (5) "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity"

Acts generally complained of in the Verified Complaint in the instant case arguably include, or necessarily lead, if true, to the requisite two (2) acts listed in 18U.S.C. § 1961(1), such as 1) extortion, in forcing Plaintiff to make financial "arrangements" to avoid attack on property, and acts indictable under Title 18, United States Code: §§ 1028, 1341, 1343, 1344, 1503, 1510, 1511, 1512, 1513, and 1951, if committed by any other person, 18 U.S.C. § 1961(3) or enterprise 18 U.S.C. § 1961(4).

// //

// //

// //

// //

## CONCLUSION

Defendant's motion to dismiss fails on every ground upon which it purportedly relied. Plaintiff respectfully requests the Court deny defendant's motion to dismiss in its entirety.

Dated: March 5, 2007

Respectfully submitted,

*Patrick Lee Bohall*

Patrick Lee Bohall

## CERTIFICATE OF SERVICE

I certify that a true, correct, and complete copy of the foregoing OPPOSITION TO MOTION TO DISMISS was served upon Counsel for defendant on March 5, 2007, by USPS, addressed as follows:

Beatriz T. Saiz
U.S. Dept. of Justice
P.O. Box 227
Washington, D.C.  20044

Date: March 5, 2007

*Patrick Lee Bohall*

Patrick Lee Bohall

## CONCLUSION

Defendant's motion to dismiss fails on every ground upon which it purportedly relied. Plaintiff respectfully requests the Court deny defendant's motion to dismiss in its entirety.

Dated: March 5, 2007

Respectfully submitted,

*[signature]*

Patrick Lee Bohall

## CERTIFICATE OF SERVICE

I certify that a true, correct, and complete copy of the foregoing OPPOSITION TO MOTION TO DISMISS was served upon Counsel for defendant on March 5, 2007, by USPS, addressed as follows:

Beatriz T. Saiz
U.S. Dept. of Justice
P.O. Box 227
Washington, D.C.  20044

Date: March 5, 2007

*[signature]*

Patrick Lee Bohall