IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK LEE BOHALL ) | |
| ) | |
| Plaintiff, ) | No. 1:06CV01482 (HHK) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

REPLY TO PLAINTIFF'S OPPOSITION TO THE
UNITED STATES' MOTION TO DISMISS

The United States submits that the Court should dismiss plaintiff's complaint as the Court lacks jurisdiction to grant the relief sought by plaintiff and that plaintiff has failed to state a claim under 26 U.S.C. § 7433. Plaintiff's complaint is devoid of any allegations that he exhausted his administrative remedies and/or that he complied with the specific requirements for exhaustion as set forth in 26 C.F.R. 301.7433. Specifically, that he filed a claim with the Area Director including the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Further, plaintiff has not alleged when he filed the claim and whether he waited until a decision was rendered before filing this complaint. As plaintiff has failed to do so, the Court lacks jurisdiction over plaintiff's section 7433 claim.

Nevertheless and as outlined in the motion to dismiss, plaintiff has failed to state a claim under section 7433. Plaintiff has alleged insufficient facts, if any, to support a

section 7433 claim. No facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433. Because plaintiff has failed to state a claim upon which relief can be granted, this Court should dismiss this case.

Moreover, it appears that plaintiff's damage claim is an attempt to challenge the merits of the underlying tax liability under the guise of an unauthorized collection claim. His unauthorized collection claim is based on the belief that the assessment of any tax was improper. Thus, regardless of whether the examination or assessment was belated or improper, against all procedural and substantive safeguards, and without affording plaintiff due process of law, these allegations are insufficient to sustain an action under 26 U.S.C. § 7433. See Arnett v. United States, 889 F. Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); Sylvester v. United States, 978 F. Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); Zolman v. IRS, 87 F. Supp. 2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim).

Because the United States has not consented to be sued with respect to challenges of the underlying liability, plaintiff's challenge should be dismissed.

CONCLUSION

For the reasons stated in the United States' motion to dismiss and the reasons stated above, the United States respectfully requests the Court grant the motion and dismiss the case.

Date: March 15, 2007.

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney