# United States District Court
## FOR THE DISTRICT OF COLUMBIA

Patrick Lee Bohall
c/o 3900 Dakota Ave #8
South Sioux City, Nebraska
(712) 898-6111

Case No. 1:06-cv-01482 (HHK)

Jury Trial Demanded

Plaintiff,

**RECEIVED**

v.

MAR 2 0 2007

United States Government

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendant.

## AMENDED VERIFIED COMPLAINT, PETITION, AND
## CLAIM FOR DAMAGES PURSUANT TO 26 U.S.C. § 7433[1]

### I
### INTRODUCTION

COMES NOW Patrick Lee Bohall, in his own right, <u>Faretta v. California</u>, 422 US 809,

reserving his right to Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES

CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and

the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by

EXECUTIVE ORDER 13107 on December 10, 1998, 63 Federal Register 240, pp

68991-68993 and pursuant to his right under Fed. R. Civ. P. Rule 15, hereby amends his

complaint as follows, and for his cause of action, avers:

---

[1] Pursuant to the terms of 26 USC 7433(a) plaintiff is instructed to sue the United States (Government), The Internal Revenue Service is not a party to this action, thus service upon the IRS is not required. This is not an action requesting declaratory judgment, refund of taxes under 26 USC 7422 or an action for injunctive relief. As set forth herein, this is an action for damages because the IRS disregarded and continues to disregard certain sections of the IRS Code while engaged in collection activity regarding plaintiff.

## I.    PARTIES

A.    Plaintiff is neither employed by, nor personnel of, the defendant, and is a Citizen of Nebraska, a Republic, "State in th[e] Union," established in Art. IV § 4 United States Constitution, *see also*: Hooven & Allison v. Evatt, 324 U.S. 652, 672-674, domiciled at the address shown above.

B.    Defendant is the UNITED STATES OF AMERICA, established in Art. II, United States Constitution.

## II.    JURISDICTION

The district court of the United States has jurisdiction pursuant to § 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747, as amended.

## III.    VENUE

A.    Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.    "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV.    ALLEGATIONS[2]

COUNT 1

By disregard of Internal Revenue Code section 6001 , 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of

---

[2] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff is not aware of which have been disregarded.

Treasury, failed to notify Plaintiff, by notice served or by regulation, of the imposition of a requirement keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code.

COUNT 2

By disregard of Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiff, by notice served, of the imposition of a requirement keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 3

By disregard of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Patrick Lee Bohall as authorized *if* a "...person shall fail to make a return required...".

COUNT 4

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Patrick Lee Bohall.

COUNT 5

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Patrick Lee Bohall.

COUNT 6

By disregard of Federal Tax Regulations in Federal Tax Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Patrick Lee Bohall.

COUNT 7

By disregard of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents of IRS, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Patrick Lee Bohall.

COUNT 8

By disregard of Federal Tax Regulation 26 CFR 301.6020-1, subsection (b)(2), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2) with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Patrick Lee Bohall.

COUNT 9

By disregard of Internal Revenue Code section 6103 , 68A Stat. 753, subsection (c), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Plaintiff or Plaintiff's representative upon request.

COUNT 10

By disregard of Internal Revenue Code section 6109   , 75 Stat. 828, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Plaintiff into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, see 42 USC § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, *see* 42 USC § 405(c)(2)(B)(i)(II)

effectively creating, in Plaintiff, a false status of "alien" and/or "applicant/recipient".

COUNT 11

By disregard of Internal Revenue Code section 6201, 68A Stat. 767, subsection (a),

paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through

principals, officers, agents, and/or employees of Internal Revenue Service, purported to be

a component of the Department of Treasury, failed to limit assessments to:

1.    Taxes shown on return 26 USC § 6201(a)(1); and,

2.    Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

COUNT 12

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant

to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application

thereof: defendant, through principals, officers, agents, and/or employees of Internal

Revenue Service, purported to be a component of the Department of Treasury, assessed

amounts assessable only upon those engaged in activity relating to Alcohol, Tobacco

Products, and Firearms.

COUNT 13

By disregard of Internal Revenue Code section 6202, 68A Stat. 768, with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department of

Treasury, exceeded the limitations imposed upon the Secretary's authority to establish by

regulations the mode or time for the assessment of any internal revenue tax (including

interest, additional amounts, additions to the tax, and assessable penalties).

COUNT 14

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Patrick Lee Bohall.

COUNT 15

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign, summary record(s) of assessment, which include(s),

    (1)    identification of the taxpayer;

    (2)    character of liability assessed;

    (3)    taxable period, if applicable; and,

    (4)    amount of assessment.

COUNT 16

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of assessments "filed in the Office of the Secretary" upon request.

COUNT 17

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of signed summary records of assessment with supporting lists upon request.

COUNT 18

By disregard of Internal Revenue Code section 6211, 68A Stat. 770, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to promulgate regulations to implement Internal Revenue Code section 6211, 68A Stat. 770 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 19

By disregard of Internal Revenue Code section 6301, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limits imposed upon the Secretary's authority to collect taxes; i.e., taxes imposed by the Internal Revenue Code . Specifically:

1. The Commissioner of Internal Revenue failed to develop and implement procedures under which - "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee

before the action was taken"; and,

2.    The Commissioner of Internal Revenue failed to develop and implement procedures under which -"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed"; and,

3.    The Commissioner of Internal Revenue failed to develop and implement a review process under subsection (a)(1) which includes a certification that the employee has -

"(1) reviewed the taxpayer's information;

"(2) verified that a balance is due; and

"(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property."

COUNT 20

By disregard of Federal Tax Regulations in 27 CFR Part 24, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 21

By disregard of Federal Tax Regulations in 27 CFR Part 25, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application

thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 22

By disregard of Federal Tax Regulations in 27 CFR Part 26, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 23

By disregard of Federal Tax Regulations in 27 CFR Part 270, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 24

By disregard of Federal Tax Regulations in 27 CFR Part 41, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to

implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 25

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 26

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 27

By disregard of Internal Revenue Code section 6303, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, failed to "within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof" with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 28

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 29

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 30

By disregard of Internal Revenue Code section 6304 , 112 Stat. 768, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."

COUNT 31

By disregard of section 6751(b)(1) of the Internal Revenue Code of 1986, 68A Stat

3, § 6751(b), with intent to defeat the application thereof: defendant's agent, Cindy Allan, employee number 91-06728, violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination with regard to penalties said agent asserted against Plaintiff. A copy of Cindy Allan's penalty determination is attached.

COUNT 32

By disregard of Internal Revenue Code section 6321, 68A Stat. 779, with the intent to defeat the application thereof; defendant's agents, purportedly Revenue Officers, Mary Morgan, employee number 39-00625, in collusion with R.A. Mitchell, asserted a Notice of Lien (copy attached) against Plaintiff allegedly for failure or neglect to pay amounts which defendant's agency is unable to produce evidence of assessment.

COUNT 33

By disregarding Internal Revenue Code section 6322, 68A Stat. 779, with the intent to defeat the application thereof; defendant's agents, Mary Morgan and R.A. Mitchell made, executed, and issued a Notice of Lien, with the intent that same be recorded into the Public Record against Plaintiff, for years which defendant's agency is unable to produce evidence that assessments were made against Plaintiff. The making, execution, and issuance of said 'lien' was in violation of Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1.

COUNT 34

By disregard with intent to defeat the application of Internal Revenue Code section 6323, 68A Stat. 779, subsection (f), paragraph (1), subparagraph (A); defendant's, agents, Mary Morgan and R.A. Mitchell failed to certify the aforementioned Notice of Lien prior to

issuing for the purpose of recording, in violation of A.R.S. § 33-1033.

COUNT 35

By disregard with intent to defeat the application of Internal Revenue Code section 7213, 68A Stat. 855, subsection (a); defendant's agents, Mary Morgan and R.A. Mitchell unlawfully disclosed return information - by making, executing, and causing to be recorded, a Notice of Lien which asserts "Unpaid Balance(s) of Assessment(s)" and "Assessment Date(s)" for which defendant's agency is unable to produce evidence that any procedurally proper assessments occurred.

## V
## SPECIAL MATTERS

Counts one through thirty-five are re-alleged and incorporated as if fully set forth herein. Upon information and belief, each violation of the Internal Revenue Code identified above was intended to defeat the application of the respective provision of the Internal Revenue Code and, as such, is a separate and distinct violation of IRC § 7214(a)(3).

// //

// //

// //

// //

// //

// //

// //

// //

// //

## REMEDY SOUGHT

Plaintiff seeks an ORDER:

1.    directing defendants to pay damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard; and,

2.    directing replevin of any and all property taken from Plaintiff without complete due process of tax law, or compensation at current fair market value; and,

3.    directing such other and further damages as the court deems just and proper.

Dated; MARCH 19 , 2007

Patrick Lee Bohall

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Nebraska, personally appeared, Patrick Lee Bohall, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same as his free act and deed.

Notary, State of Nebraska: _Lois Schock_

My Commission expires: _Oct 2, 2010_

**Seal:**



GENERAL NOTARY - State of Nebraska
LOIS M. SCHOCK
My Comm. Exp. Oct. 2, 2010

Patrick Lee Bohall v. United States.          page 15 of 15 pages          Amended 26 U.S.C. §7433 Complaint

## CERTIFICATE OF SERVICE

I certify that a true, correct, and complete copy of the foregoing AMENDED VERIFIED COMPLAINT was served upon Counsel for defendant on March 19, 2007, by USPS, addressed as follows:

Beatriz T. Saiz
U.S. Dept. of Justice
P.O. Box 227
Washington, D.C.  20044

Date: March 19, 2007

Patrick Lee Bohall