### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PATRICK LEE BOHALL | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06CV01482 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT

Under Fed. R. Civ. P. 12(b)(1), (3), and (6), the defendant respectfully requests

that the Court dismiss this action. As grounds for this motion, the defendant asserts

that this Court lacks subject-matter jurisdiction over plaintiff's refund claim, plaintiff's

unauthorized collection claim, and plaintiff's constitutional claims, and venue in this

Court is improper.

Specifically, plaintiff failed to allege that he paid the federal taxes due and filed a

claim for refund. Both are required before the United States' sovereign immunity is

waived. 26 U.S.C. § 7422; Flora v. United States, 362 U.S. 145, 177 (1960). Since plaintiff

has not so alleged, this Court lacks subject-matter jurisdiction over his refund claim.

Plaintiff has also failed to demonstrate that he filed an administrative claim for

damages, which is required before the United States' sovereign immunity is waived.

See 26 U.S.C. § 7433(a); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004).

Further, plaintiff has failed to state a claim for damages. Plaintiff has not alleged

sufficient facts to demonstrate that he is entitled to any relief. Since plaintiff has not so

alleged, this Court lacks subject-matter jurisdiction.  Moreover, plaintiff is a resident of

Nebraska  (Compl. Parties) and requests the refund of federal taxes.  (Compl., prayer

¶2).  Under 28 U.S.C. § 1402(a), venue is proper only in the judicial district in which the

plaintiff resides.  Inasmuch as plaintiff is a resident of Nebraska, venue in this Court is

lacking.

A supporting memorandum of law and proposed order are filed with this

motion.

DATED: April 20, 2007.                          Respectfully submitted,

                                                 /s/ Beatriz T. Saiz
                                                 BEATRIZ T. SAIZ
                                                 Trial Attorney, Tax Division
                                                 U.S. Department of Justice
                                                 P.O. Box 227
                                                 Ben Franklin Station
                                                 Washington, DC 20044
                                                 Phone/Fax: (202) 307-6585/514-6866
                                                 Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PATRICK LEE BOHALL            )
                              )
            Plaintiff,        )   No. 1:06CV01482 (HHK)
                              )
        v.                    )
                              )
UNITED STATES,                )
                              )
            Defendant.        )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF THE UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT**

In this case, plaintiff seeks a refund of Federal taxes, relief for purported unauthorized collection actions, and relief for purported violations of plaintiff's constitutional rights. For the reasons set forth below, the Court cannot grant the requested relief.

<u>This Court Lacks Subject-Matter Jurisdiction over Refund Claim</u>

This Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff does not allege that he has either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. <u>See United States v. Dalm</u>, 494 U.S. 596, 601-02 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); <u>Flora v. United States</u>, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); <u>Vanskiver v. Rossotti</u>, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiff has the burden to show that sovereign immunity has been waived. <u>See</u>, <u>e.g.</u>, <u>Paradyne Corp. v. U.S.</u>

Dept. of Justice, 647 F. Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ."  26 U.S.C. § 7422(a).  Since plaintiff has not even alleged that he filed a timely claim for refund, this Court lacks jurisdiction.  Dalm, 494 U.S. at 601-02.

Likewise, plaintiff has not alleged that he fully paid his tax liabilities.  Because plaintiff has not alleged that he filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over his claim for a refund.

<u>Venue Is Improper</u>

Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper only in the judicial district in which the plaintiff reside.  Inasmuch as plaintiff is a resident of Nebraska (Compl. Parties), venue in this Court is improper.

Under 28 U.S.C. § 1406, this Court has the discretion to dismiss the case for lack of venue, or "in the interests of justice," to transfer it "to any district or division in which it could has been brought."  28 U.S.C. § 1406(a).  The interests of justice do not require transferring this case, and in fact weigh against it.  Plaintiff's complaint alleges no facts to warrant transfer.  As explained above, plaintiff's failure to allege that he filed a proper claim for refund or fully paid the taxes due deprives any federal court of subject-matter jurisdiction.  See Dalm, 494 U.S. at 601-02; Flora, 362 U.S. at 177.  Thus,

because venue is lacking in this Court, and the interests of justice do not favor transfer

to Nebraska, the Court should dismiss this case.  See Fed. R. Civ. P. 12(b)(3).

This Court Lacks Subject-Matter Jurisdiction over Damages Claim

Plaintiff purports to state a claim for damages against the United States (Compl.

prayer ¶ 1).  This Court does not have jurisdiction over plaintiff's section 7433 claim

because he has failed to demonstrate that he filed an administrative claim for damages

with the Internal Revenue Service.  The party bringing suit must show that the United

States has unequivocally waived its sovereign immunity.  McGuirl v. United States, 360

F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp.,

298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987).  Section

7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United

States' waiver of sovereign immunity with respect to suits for wrongful collection

actions.  The Court lacks jurisdiction over the plaintiff's claim because the predicates of

section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for

damages for the unauthorized collection of taxes, a taxpayer must exhaust his

administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be

awarded under [7433] subsection (b) *unless the court determines that the plaintiffs has*

*exhausted the administrative remedies available to such plaintiffs within the Internal Revenue*

*Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433.  <u>See</u> 26 C.F.R. § 301.7433-1(e).  The

regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in*
> *the case of negligence) or actual, direct economic damages, as*
> *defined in paragraph (b) of this section [7433] shall be sent in*
> *writing* to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following: (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this

regulation deprives a court of jurisdiction.  <u>See</u> <u>Davenport v. United States</u>, 450 F.

Supp.2d 96, 97 n.1 (D.D.C. 2006); <u>Holt v. Davidson</u>, 441 F. Supp.2d 92, 95 (D.D.C. 2006);

<u>McGuirl v. United States</u>, 360 F. Supp.2d 125, 128 (D.D.C. 2004); <u>Venen v. United States</u>,

38 F.3d 100, 103 (3d Cir. 1994); <u>Conforte v. United States</u>, 979 F.2d 1375 (9th Cir. 1992).1/

---

　　　1/　The United States is aware that the court in <u>Turner v. United States</u>, 429 F.
Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. For
the reasons stated above, the United States continues to assert that the exhaustion
requirement is jurisdictional. Specifically, the decision in <u>Turner</u> relied upon <u>Arbaugh v.</u>
<u>Y & H Corp.</u>, 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion
of administrative remedies in the context of two private litigants in a Title VII suit.
Neither of the private litigants had any attributes of sovereign immunity. Thus, neither
litigant in <u>Arbaugh</u> could claim the benefit of the sovereign's long-recognized general
principle that "the United States, as sovereign, 'is immune from suit save as it consents
to be sued *** and the terms of its consent to be sued in any court *define that court's*

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss the complaint.

<u>Plaintiff Has Failed to State a Damages Claim</u>

Plaintiff's complaint is legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiff purports to state a claim for damages. Plaintiff's complaint is legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6). Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any

---

*jurisdiction* to entertain the suit.'"<u>Lehman v. Nakshian</u>, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction.

One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, <u>Arbaugh</u> did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. <u>Arbaugh</u> did not overrule <u>Nakshian</u>, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow <u>Glass</u>, <u>McGuirl</u>, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the <u>Turner</u> decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

-4-

provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433. Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). But, here, there are no facts in the plaintiff' complaint to support a claim for damages, and thus, this Court should conclude that he has not in fact stated such a claim. For example, plaintiff do not describe the injuries he allegedly incurred. In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433. Because plaintiff has failed to state a claim upon which relief can be granted, this Court should dismiss this case.

   This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Constitutional Claims

   It is well-settled, that the United States is immune from suit, unless its sovereign immunity has been waived. Kentucky v. Graham, 473 U.S. 159, 165-67, 105 S. Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940). It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947). The burden is on the party bringing suit to demonstrate that the United States has consented to suit. Hill v. United States, 571 F.2d 1098, 1102-03 (9th Cir. 1978);

-4-

Keesee v. Orr, 816 F.2d 545, 547 (10th Cir. 1987).

In strictly construing the waiver in favor of the sovereign, damages for constitutional violations against the United States can not be permitted.  See Gonsalves v. Internal Revenue Service, 782 F. Supp. 164, 168 (D. Me.) ("Here [under Section 7433], the United States has not waived its immunity from suit for damages arising from constitutional violations."), aff'd, 975 F.2d 13 (1st Cir. 1992).  Plaintiff has not referred to any statute which specifically provides for a suit against the United States under the circumstances presented herein.  Sovereign immunity is waived only by statutes specifically providing for maintenance of suits against the United States.  See Holloman v. Watt, 708 F.2d 1399 (9th Cir. 1983); Eastern Associated Coal Corp. v. Director, Office of Workers' Compensation Programs, 791 F.2d 1129, 1131 (4th Cir. 1986) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)); Essex v. Vinal, 499 F.2d 226, 231 (8th Cir. 1974); Geurkink Farms, Inc. v. United States, 452 F.2d 643, 644 (7th Cir. 1971).  As provided above, the burden is on the plaintiff to prove that his claim is in compliance with the terms of a statute in which the United States has waived sovereign immunity.  Sherwood, 312 U.S. at 586.  Thus, this Court should dismiss plaintiff's constitutional claims, because it is barred by the doctrine of sovereign immunity.

## CONCLUSION

In sum, for the following reasons the Court should dismiss this action.  This Court does not have subject-matter jurisdiction over plaintiff's refund claim, unauthorized collection claim, and constitutional claims.  Venue is lacking in this Court

as plaintiff resides in Nebraska.  Finally, plaintiff has failed to state a claim for damages.

DATED: April 20, 2007

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney