# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

Patrick Lee Bohall,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

No. 1:06-cv-01482 (HHK)

MOTION FOR ENLARGEMENT OF TIME

## MOTION FOR ENLARGEMENT OF TIME

Plaintiff moves the Court for an enlargement of time in which to reply to defendant's Motion to Dismiss.

Plaintiff respectfully requests an enlargement of time in order to allow Counsel for the defendant an opportunity to consider Plaintiff's Rule 11 Notice, a copy of which is attached.

Plaintiff anticipates that an enlargement of 20 days past the date ordered in the Court's Order (Dkt. # 20) will be sufficient to allow Counsel for the defendant an opportunity to consider Plaintiff's Rule 11 Notice, and allow Plaintiff adequate time to respond thereafter.

Dated: May 02, 2007

Respectfully submitted,

*[signature]*

Patrick Lee Bohall

## CERTIFICATE OF SERVICE

I certify that on May 02, 2007, a true and complete copy of the foregoing Motion for Enlargement of Time, proposed Order, and attachment, a copy of Plaintiff's Rule 11 Notice, was served by U. S. Mail upon the following, and addressed as follows:

BEATRIZ T. SAIZ
Trial Attorney
U.S. Department of Justice
P.O. Box 227 Ben Franklin Station
Washington, DC 20044

By: _____
Patrick Lee Bohall

Patrick Lee Bohall
3900 Dakota Ave. #8
South Sioux City, Nebraska
68776

May 02, 2007

Patrick Lee Bohall<br>
3900 Dakota Ave. #8<br>
South Sioux City, Nebraska<br>
68776<br>
May 02, 2007

Certified Mail No. 7006 0100 0003 8107 2445

Beatriz T. Saiz
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044

RE: Patrick Lee Bohall v. UNITED STATES<br>
No. 1:06-cv-01482 HHK   (USDC D.D.C.)

Dear Ms. Saiz,

I am in receipt of your motion to dismiss the Amended Complaint in the above referenced matter. Said motion to dismiss and its memorandum (Dkt.# 19) contain many false statements, intentional misrepresentations of law and fact, and frivolous arguments. As such, said motion and memorandum are in violation of Fed. R. Civ. P. 11 (b) (1), (2), (3), and (4), as follows:

1. Within the subject motion and its memorandum, you make more than twenty references to a non-existent "refund" claim and, or a "refund" allegedly sought by Plaintiff. This mischaracterization is easily shown to be intentional and to have been done with full knowledge that the assertions made are in fact false. Indeed, by your own admission and acknowledgement that the instant matter is a damages suit, (Def's Mem pg #3) you have incidentally admitted knowledge that the instant matter is not a refund suit, but a damages suit brought under 26 USC §7433. Thus, your motion and memorandum are shown to be frivolous and in violation of Fed.R. Civ. P. 11 (b) (2) and (4).

2. Your "venue" arguments are therefore, and likewise, fatally flawed as they rely solely upon the false premise you created wherein you argue against an admittedly non-existent "refund" suit. This tactic fails in the teeth of your own argument, within the same pleading, against Plaintiff's damages suit. The "venue" argument you proffered is easily seen as frivolous and designed to delay, in violation of Fed. R. Civ. P. 11 (b) (1) and (2).

3. Your memorandum (Dkt # 19) also contains false assertions that Plaintiff (1)...failed to demonstrate that he filed an administrative claim..., (2) ...has not met the burden to prove exhaustion... and, (3)...has not alleged that he filed a written claim.... The aforementioned patently false assertions are in direct contradiction to the record evidence in the instant matter, which clearly shows Plaintiff did "demonstrate exhaustion" of administrative remedies by filing an administrative claim in accordance with 26 C.F.R. §301.7433-1(e). Exhibit H, found at Docket # 10-2, is Plaintiff's "demonstration" of "exhaustion".

You were also served a copy of Exhibit H and, therefore, your current false assertions are completely indefensible. *i.e.:* Being in receipt of a copy of Exhibit H, and having full knowledge of the record evidence contained on the Court's Docket, you do not get the benefit of the doubt. Your false assertions regarding "demonstration" of "exhaustion" in the instant matter are in clear violation of Fed. R. Civ. P. 11 (b) (1), (2), (3), and (4).

4. Your "demonstration of exhaustion" and "predicate to filing suit" arguments are based on a premise which has been superseded and are, therefore, unavailing. Recent Supreme Court jurisprudence has settled the "exhaustion as a predicate" issue.

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. ____, (Argued: October30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

> " Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint..."

and that,

> "The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

Thus, your arguments regarding "exhaustion" are shown as being contrary to Supreme Court jurisprudence. Forwarding such failed and superseded arguments is frivolous on its face and in clear violation of Fed. R. Civ. P. 11(b) (2) and (4).

5. Your arguments against un-sought Constitutional claims are seen as intentionally misleading and designed to cause unnecessary delay and increase the cost of the litigation. Plaintiff has not lodged any Constitutional claims in the instant matter and, therefore, your arguments against such un-sought relief are frivolous, designed to cause delay, not supported by evidence, and contrary to the record evidence already on the Docket in the instant matter, in violation of Fed. R. Civ. P. 11 (b) (1), (2), (3), and (4).

The motion and memorandum (Dkt # 19) you submitted to the Court is in clear and direct violation of Fed. R. Civ. P. 11 (b) (1), (2), (3), and (4).

OTHER DEFICIENCIES

Said memorandum is eight pages, but does not contain any pages numbered "7" or "8". However, said memorandum does contain two pages numbered as page "4" and two pages numbered as page "5", scattered randomly throughout. Such careless copy and paste use of boilerplate language leads to difficulty in citing locations of specific excerpts and quotes.

Unquestionably, your motion to dismiss and memorandum contain intentionally false statements and frivolous arguments, which are both contrary to the record evidence and existing law.

Consider this correspondence as your Rule 11(b) notice that you have 21 days to withdraw your frivolous motion to dismiss. Your failure to do so will result in a motion for sanctions being filed with the Court. Failure to withdraw the aforementioned frivolous motion to dismiss will also result in Plaintiff moving to strike said untimely pleading in accordance with Fed. R. Civ. P. 12(f).

Thank you for your attention to this matter.

Patrick Lee Bohall

cc: Clerk USDC D.D.C.