

RECEIVED

JUN 1 2007

NANCY         WHITTINGTON, CLERK
         DISTRICT COURT



# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Patrick Lee Bohall,

       Plaintiff,

v.

UNITED STATES,

       Defendant.

No. 1:06CV01482 (HHK)

MOTION FOR SANCTIONS

## PLAINTIFF'S MOTION FOR AN ORDER IMPOSING RULE 11(c) SANCTIONS

Plaintiff respectfully moves the Court under Fed. R. Civ. P 11 (c) for an Order imposing monetary sanctions against Counsel for the defendant, Beatriz T. Saiz. As grounds therefore, Plaintiff alleges that Counsel for the defendant submitted to the Court a motion to dismiss and memorandum in support thereof (Dkt. # 19) which contains a multitude of intentional misrepresentations of law and fact, false statements, factual errors, and frivolous arguments. As such, said motion and memorandum are in violation of Fed. R. Civ. P. 11 (b) (1), (2), (3), and (4)

Further, Counsel's memorandum utilizes an incomprehensible page numbering system which renders said document impracticable with respect to referencing the location(s) of specific quotes and citations.

Counsel for the defendant received Plaintiff's twenty-one day letter via certified mail on May 05, 2007. Despite being afforded this opportunity to correct or otherwise withdraw the

subject motion and memorandum, Counsel for the defendant failed to do so within the twenty-one day safe harbor period set forth in Rule 11 (c)(1)(A).

Accordingly, Plaintiff respectfully requests the Court issue an Order imposing monetary sanctions against Counsel for the defendant, Beatriz T. Saiz, in an amount sufficient to deter further intentional misrepresentations, false statements, erroneous factual representations, frivolous arguments, or other conduct of like nature on the part of Counsel for the defendant.

In support of Plaintiff's motion, a memorandum of law is filed herewith.

Dated: May 30, 2007

Respectfully submitted,

Patrick Lee Bohall



RECEIVED

JUN 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Patrick Lee Bohall,

      Plaintiff,                             No. 1:06CV01482 (HHK)

v.

UNITED STATES,                           MOTION FOR SANCTIONS

      Defendant.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER IMPOSING SANCTIONS PUSUANT TO FED. R. CIV. P. 11 (c)

## I. INTROUCTION

Counsel for the defendant, Beatriz T. Saiz, filed her motion to dismiss (Dkt. # 19) Plaintiff's Amended Complaint (Dkt. # 17) on April 20, 2007. The Court issued its Order (Dkt. # 20) advising Plaintiff that failure to respond to Counsel's motion to dismiss could lead to said motion being deemed conceded.

Plaintiff moved the Court for an enlargement of time (Dkt. # 21) in which to respond to defendant's motion to dismiss. Plaintiff requested said enlargement to afford Counsel for the defendant sufficient time to consider Plaintiff's Rule 11 letter / Notice. A copy of said Rule 11 letter / Notice and proof of receipt by Counsel for the defendant is attached hereto and incorporated by reference.

II. VIOLATIONS OF FED. R. CIV. P. 11 (b)(1), (2), (3), and (4)

The motion and memorandum (Dkt. # 19) submitted by Counsel for the defendant, Beatriz T. Saiz, contain many false statements, intentional misrepresentations of law and fact, and frivolous arguments. As such, said motion and memorandum are in violation of Fed. R. Civ. P. 11 (b) (1), (2), (3), and (4), as follows:

1.  Within the subject motion and its memorandum, Beatriz T. Saiz makes more than twenty references to a non-existent "refund" claim and, or a "refund" allegedly sought by Plaintiff. These mischaracterizations are clearly intentional. Indeed, Beatrix T. Saiz admits and acknowledges that the instant matter is a damages suit. (Def's Mem pg #3) Thus, Beatriz T. Saiz incidentally admits knowledge that the instant matter is not a refund suit, as she falsely asserts, but a damages suit brought under 26 USC §7433. By acknowledging the instant matter is a damages suit brought pursuant to 26 USC §7433, Beatriz T. Saiz herself confirms the subject motion and memorandum contain more than twenty intentional misrepresentations of fact.

2.  With the nature of the instant matter admitted by Ms. Saiz' to be a damages suit, the "venue" arguments proffered by Ms Saiz are easily seen as frivolous. Said "venue" arguments rely solely upon the false premise Ms Saiz attempted to create by arguing against an admittedly non-existent "refund" suit. This tactic fails in the teeth of her own argument, within the same pleading, against Plaintiff's damages suit. The "venue" argument proffered by Beatriz T. Saiz are easily seen as frivolous and designed to delay, in violation of Fed. R. Civ. P. 11 (b) (1) and (2).

3.  The subject memorandum (Dkt # 19) also contains patently false assertions that Plaintiff (1)... failed to demonstrate that he filed an administrative claim..., (2) ...has not met the burden to prove exhaustion... and, (3)...has not alleged that he filed a written claim... . The aforementioned patently false assertions are in direct contradiction to the record evidence in the instant matter, which clearly shows Plaintiff did "demonstrate exhaustion" of administrative remedies by filing an administrative claim in accordance with 26 C.F.R. §301.7433-1(e). Exhibit H, found at Docket # 10-2, is Plaintiff's "demonstration" of "exhaustion".

Notably, Ms Saiz was also served a copy of Exhibit H and, therefore, her false assertions are completely indefensible. *i.e.:* Being in receipt of a copy of Exhibit H, and having full knowledge of the record evidence contained on the Court Docket, Ms. Saiz does not get the benefit of the doubt. Ms Saiz' false assertions regarding "demonstration" of "exhaustion" in the instant matter are in clear violation of Fed. R. Civ. P. 11 (b) (1), (2), (3), and (4).

4.  Ms Saiz lodged an argument which she knows, or should know, is frivolous. The "demonstration of exhaustion" and "predicate to filing suit" arguments raised by Ms. Saiz are based on a premise which has been superseded and are, therefore, unavailing. Recent Supreme Court jurisprudence has settled the "exhaustion as a predicate" issue.

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

> " Failure to exhaust is better viewed as an affirmative defense. Federal
> Rule of Civil Procedure 8(a) requires simply a 'short and plain statement
> of the claim' in a complaint..."

and that,

> "The fact that the [statute at issue]...is silent on the issue whether
> exhaustion  must be pleaded or is an affirmative defense, is strong
> evidence that the usual practice should be followed, and the practice under  the
> Federal Rules is to regard exhaustion as an affirmative defense..."

Thus, Ms. Saiz' arguments regarding "exhaustion" are shown as being contrary to

Supreme Court jurisprudence. Forwarding such failed and superseded arguments is

frivolous on its face and in clear violation of Fed. R. Civ. P. 11(b) (2) and (4).


5.  Ms. Saiz' arguments against un-sought Constitutional claims are intentionally
    misleading and designed to cause unnecessary delay and increase the cost of the
    litigation. Plaintiff has not lodged any Constitutional claims in the instant matter and,
    therefore, Ms. Saiz' arguments against such un-sought relief are frivolous and contrary
    to the record evidence already on the Docket in the instant matter, in violation of Fed.
    R. Civ. P. 11 (b) (1), (2), (3), and (4).


Ms Saiz' memorandum (Dkt. # 19) consists of eight pages, but does not contain any pages

numbered "7" or "8". However, said memorandum does contain two pages numbered as page

"4" and two pages numbered as page "5", scattered randomly throughout. Such careless copy

and paste use of boilerplate language leads to difficulty in citing locations of specific excerpts

and quotes. Unquestionably, the subject motion to dismiss and memorandum contain

intentionally false statements and frivolous arguments, which are both contrary to the record

evidence and existing law.

The aforesaid violations of Rule 11, taken together with the fact Ms. Saiz has had an opportunity to correct or withdraw the subject papers, are clear indications that Ms. Saiz will not comply with the Federal Rules unless compelled to do so by the Court.

Both the motion and the memorandum were certified by signature of Beatriz T. Saiz, in defiance of and in deliberate disregard for an attorney's obligations under Rule 11. In an effort to deter such flagrant disregard of Rule 11 in the future, Plaintiff Bohall moves for sanctions against defendant's counsel.

## III. SANCTIONS PURSUANT TO RULE 11

### A. The Purpose of Rule 11 is to Deter Baseless Filings

Essentially, Rule 11(b) of the Federal Rules of Civil Procedure provides that by presenting a writing to a court, an attorney is certifying that to the best of his or her knowledge, after conducting a reasonable inquiry, the writing is not frivolous and that the factual and legal contentions are warranted and supported. The purpose behind this Rule is to deter baseless filings:

Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.' Cooter & Gell v. Hartmax Corn., 496 U.S. 384, 393, (1990). If the assertions are determined not to be well-grounded in fact or law, Rule 11 is violated and the attorney is subject to sanctions in an amount sufficient to deter future violations. F.R.C.P. 11(c)(2). See, *Cobell v. Norton*, 211 F.R.D. 7, 10 (D.D.C. 2002) (quoting *Cobell v. Norton*, 157 F. Supp. 2d 82, 86 n.8 (D.D.C. 2001)).

B. Sanctions Should be Imposed for Baseless and Misleading Filings

The language of Rule 11 now clearly indicates that the imposition of sanctions is not mandatory. See, *Thomas v. Evans*, 880 F. 2d 1235, 1239 (11th Cir. 1989). However, sanctions should be imposed when an attorney blatantly presents baseless pleadings, and/or misrepresents and distorts legal or administrative rulings in an attempt to mislead the Court. *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994). Attorneys "must make a reasonable inquiry to assure that the claims, defenses and positions represented by them are well grounded in both law and fact and are not intended to serve an improper purpose, such as harassment or delay." *Marina Mgmt. Services, Inc. v. Vessel My Girls*, 202 F.3d 315, 325 (D.C.Cir. 2000)

In determining whether sanctions should be imposed for violations of Rule 11, the test is one of "reasonableness under the circumstances" *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987). In other words, the question is whether it was reasonable for the attorney to believe, at the time the pleadings were filed, that the pleadings were well grounded in fact and law, or presented a good faith argument for extension, modification or reversal of existing law. See, *Threaf Properties v. Title Ins. Co. of Minnesota*, 875 F.2d 831, 835 (11th Cir. 1989) ($750.00 and $500.00 sanctions upheld). Here, both the motion and the memorandum were baseless when they were filed. Thus, the filing of the motion alone, justifies the imposition of Rule 11 sanctions.

After the filing of the subject motion and memorandum, Counsel's disregard for Rule 11 continued. After Plaintiff raised Counsel's many violations of Rule 11 by way of a twenty- one day letter, Counsel refused to withdraw or otherwise correct the subject papers. Consequently, Plaintiff Bohall brings this Motion for an Order Imposing Sanctions against Ms. Saiz.

C.  Sanctions in Excess of $3500.00 May Deter Similar Misconduct

Under Rule 11, the appropriate sanctions are often financial penalties. *Donaldson v. Clark*,

819 F.2d 1551, 1557 (11th Cir. 1987). "Imposing a financial penalty often will be the most

effective and fair means of enforcing Rule 11 and deterring baseless suits." Id. Likewise, the

motion and memorandum submitted by Ms. Saiz are patently baseless. This unfortunate situation

is similar to that recently encountered by the United States District Court for the Northern

District of Illinois. *Center Video Industrial Company, Inc. v. United Media, Inc.*, No. 90 C 6387,

Memorandum and Order, 1994 WL 603991, (N.D.Ill. 1994). There, an attorney was sanctioned

in the amount of $3500.00 for failing to either read controlling precedent or for ignoring it. The

Court then noted that although $3500.00 was more than the defendant spent in causing the

dismissal of the egregious filing, "[a]nything less however would not serve the purpose of

deterring future violations of this sort." *Center Video*, WL PAGE 2.

Normally, one would assume that a $3500.00 fine would serve as an effective deterrent

against ignorance in the future.  After all, ignorance is not a defense for a violation of Rule 11, as

an attorney must make a reasonable inquiry which should prevent such ignorance. Indeed, an

attorney is required by the rule to make an inquiry and, thus, ignorance cannot be used as an

excuse. By failing to make such an inquiry or by ignoring the results, one has failed to satisfy his

affirmative duties under Rule 11.  That one may be incompetent in, or ignorant of, a particular

area of law is also no excuse for an attorney who agrees to accept and prosecute [or defend] a

case - for that person should be presumed to know the law.  See *Saltany v. Reagan*, 886 F.2d

438, 440 (D.D.C. 1989).  In such a case of ignorance or incompetence, $3500.00 would seem to

be the appropriate sanction to deter similar conduct in the future.

Yet, even after defendant's Counsel was provided with the opportunity, Counsel decided

not to withdraw or otherwise correct the egregious papers, but chose deliberate inflexibility

instead. Accordingly, the Court is faced not with mere sanctionable ignorance or incompetence,

but rather is faced with the flagrant disregard for and rejection of the dictates of Rule11.

"[S]anctions should be 'educational and rehabilitative in character, and as such, tailored to

the particular wrong.'" *Markwell v. County of Bexar*, 878 F.2d 899, 903 (5th Cir. 1989)

($1000.00 for shotgun pleading approach). Notably, it is use of the "shotgun approach" by Ms.

Saiz that is at the root of her problematical conduct. This approach, implemented as it was by

Ms. Saiz, and in a manner which additionally reveals obvious boilerplate 'copy and paste'

strategy gone awry, (page numbering) effectively places Ms. Saiz' papers squarely in the

category of pleadings for which Rule 11 was enacted. Conduct like Ms. Saiz' cannot properly be

countenanced by any Court. Thus, a penalty in excess of $3500.00 paid into the Court, not to

Plaintiff, may serve to rehabilitate Counsel and deter any future misconduct. *Markwell*, at 900.6

## IV. CONCLUSION

Wherefore, the Plaintiff, Patrick Lee Bohall, respectfully requests an order directing Counsel

for the defendant, Beatriz T. Saiz, to pay into the Court a sum not less than $3500.00

Dated: May 30, 2007

Respectfully submitted,

Patrick Lee Bohall

CERTIFICATE OF SERVICE

I certify that on May 30, 2007, a true and complete copy of the foregoing Motion for

Sanctions, and proposed Order was served by U. S. Mail upon the following, and addressed as

follows:

BEATRIZ T. SAIZ
Trial Attorney
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

By: _____
        Patrick Lee Bohall