# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Patrick Lee Bohall,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

No. 1:06CV01482 (HHK)

MOTION TO STRIKE

**RECEIVED**
JUN 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS

Plaintiff respectfully moves the Court under Fed. R. Civ. P 12 (f), 8 (e)(1), and 8 (f) for an Order striking Defendant's motion to dismiss and supporting memorandum. As grounds therefore, Plaintiff asserts that Defendant submitted to the Court a motion to dismiss and memorandum (Dkt. # 19) which contain intentional misrepresentations of law and fact, material false statements, factual errors, and frivolous arguments. As such, said motion and memorandum attempt to present a defense which is clearly insufficient.

Further, the subject motion and memorandum raise arguments which are immaterial in that defendant argues points which are not at issue. Defendant's motion and memorandum are intentionally misleading and evasive. The subject motion and memorandum, which Counsel for the Defendant refused to withdraw within the safe harbor period, exhibit an impertinent attitude which should be seen as repugnant to the Judicial process.

Accordingly, Plaintiff respectfully requests the Court issue an Order striking the aforementioned motion and memorandum (Dkt. #19) from the record in the instant matter. Alternatively, Plaintiff respectfully requests that the Court strike all portions of the subject motion and memorandum which immaterial, misleading, patently false, or otherwise in violation of the aforesaid Federal Rules of Civil Procedure.

In support of Plaintiff's motion to strike, a memorandum of points and authorities is filed herewith.

Dated: June 4, 2007

Respectfully submitted,

*/s/ Patrick Lee Bohall*

Patrick Lee Bohall

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Patrick Lee Bohall,

    Plaintiff,

v.

No. 1:06CV01482 (HHK)

UNITED STATES,

    Defendant.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE

### I. INTROUCTION

    Defendant, through Counsel Beatriz T. Saiz, filed its motion to dismiss (Dkt. # 19) Plaintiff's Amended Complaint on April 20, 2007.

    The motion and memorandum (Dkt. # 19) submitted by Counsel for the defendant, Beatriz T. Saiz, contain many material false statements, intentional misrepresentations of law and fact, and frivolous arguments. The subject motion and memorandum also intentionally evade addressing the central arguments at issue, and instead present a number of wholly immaterial attempts at defenses. Defendant motion to dismiss and memorandum in support thereof present defenses which are clearly insufficient and, therefore, the Court should issue an Order striking the subject impertinent pleading(s) (Dkt. # 19) from the record in the instant matter.

## II. INSUFFICIENT DEFENSES RAISED BY DEFENDANT

1. Within the subject motion and its memorandum, defendant makes more than twenty references to a non-existent "refund" claim and, or a "refund" allegedly sought by Plaintiff. These mischaracterizations are clearly intentional. Indeed, Counsel for the defendant, Beatrix T. Saiz admits and acknowledges that the instant matter is a damages suit. (Def's Mem pg #3) Thus, Beatriz T. Saiz incidentally admits knowledge that the instant matter is not a refund suit, as she falsely asserts, but a damages suit brought under 26 USC §7433. By acknowledging the instant matter is a damages suit brought pursuant to 26 USC §7433, Counsel for the defendant confirms the subject motion and memorandum contain more than twenty intentional misrepresentations of fact. Defendant's intentional attempts to mislead the Court should be seen as impertinent and repugnant, in violation of Fed. R. Civ. P.12 (f).

2. With the nature of the instant matter admitted by Counsel for the defendant to be a damages suit, the "venue" arguments proffered by Counsel are easily seen as frivolous. Said "venue" arguments rely solely upon the false premise defendant attempted to create by arguing against an admittedly non-existent "refund" suit. This tactic fails in the teeth of Counsel's argument, within the same pleading, against what Counsel concedes is Plaintiff's damages suit. The "venue" argument proffered by Counsel are easily seen as frivolous and designed to delay, in violation of Fed. R. Civ. P. 8 (f).

3. The subject memorandum (Dkt # 19) also contains material false assertions that Plaintiff (1)...failed to demonstrate that he filed an administrative claim..., (2) ...has not met the burden to prove exhaustion... and, (3)...has not alleged that he filed a written claim.... The aforementioned material false assertions are in direct contradiction to the record evidence in the instant matter, which clearly shows Plaintiff did "demonstrate exhaustion" of administrative remedies by filing an administrative claim in accordance with 26 C.F.R. §301.7433-1(e). Exhibit H, found at Docket # 10-2, is Plaintiff's "demonstration" of "exhaustion". Notably, Counsel for the defendant was also served a copy of Exhibit H and, therefore, defendant's false assertions are completely indefensible. Defendant's material false assertions regarding "demonstration" of "exhaustion" are in direct conflict with the record evidence, and demonstrate a willingness to deceitfully attempt to mislead this Court by submitting statements which are known to be false in clear violation of Fed. R. Civ. P. 11 (b) (1), (2), (3), and (4).

4. Counsel also raised an argument which she knows, or should know, is frivolous. The "demonstration of exhaustion" and "predicate to filing suit" arguments raised by Ms. Saiz are based on a premise which has been superseded and are, therefore, unavailing. Recent Supreme Court jurisprudence has settled the "exhaustion as a predicate" issue.

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. ____, (Argued: October30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

> " Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint..."

Bohall v. UNITED STATES        Page 3 of 7

and that,

> "The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

Thus, Counsel's arguments regarding "exhaustion" are shown as being contrary to Supreme Court jurisprudence. Proffering such failed and superseded arguments is frivolous on its face and in clear violation of Fed. R. Civ. P. 11(b) (2) and (4). Arguing such a superseded and immaterial position is also in violation of Fed. R. Civ. P. 8 (f).

5. Defendant's arguments against un-sought Constitutional claims are intentionally misleading and designed to cause unnecessary delay and increase the cost of the litigation. Plaintiff has not lodged any Constitutional claims in the instant matter and, therefore, defendant's arguments against such un-sought relief are frivolous and contrary to the record evidence already on the Docket in the instant matter, in violation of Fed. R. Civ. P. 11 (b) (1), (2), (3), and (4).

## III. LEGAL STANDARD

"The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion." Canady v. Erbe Elektromedizin GMBH, 384 F. Supp. 2d 176, 180 (D.D.C. 2005)(citations omitted), appeal filed 05-1568 (Fed. Cir. Sept. 13, 2005). Although motions to strike a pleading, or portions thereof, pursuant to Federal Rule of Civil Procedure 12(f) are generally disfavored, a Court may strike any redundant, immaterial, impertinent, or scandalous matter from a pleading as improper. Judicial Watch v. U.S. Dep't of Commerce, 224 F.R.D. 261, 263(D.D.C. 2004); see also Witherspoon v. Philip Morris Inc., 964 F. Supp. 455, 467 (D.D.C. 1997).

Federal Rule of Civil Procedure 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Federal Rule of Civil Procedure 8(f) requires that "All pleadings shall be so constructed as to do substantial justice."

## IV. ARGUMENT

Plaintiff respectfully contends the Court should strike the subject motion and memorandum in their entirety. Alternatively, if the Court somehow determines that defendant's motion and memorandum should be permitted, the Court should still strike portions of defendant's motion and memorandum because they are not short, plain, concise, or direct, as required by Federal Rules of Civil Procedure 8(a)& (e)(1). Throughout its motion and memorandum, defendant makes material false statements and wage arguments against unsought relief. Further, Counsel appears insistent upon arguing the merits of a non-existent "refund" suit. Defendant makes numerous attempts to mislead the Court to somehow treat Plaintiff's damages claim as a refund suit, both within its motion, and within its memorandum supposedly in support thereof.

Indeed, if the Court were to strike from defendant's memorandum all of defendant's immaterial (1) refund arguments, (2) venue arguments, (3) "exhaustion" arguments, and (4) Constitutional arguments, defendant's memorandum would be reduced from eight pages[fnt.1] to less than two full pages in length.

Defendant's use of intentionally misleading arguments putatively addressing issues which are nowhere to be found in Plaintiff's Amended Complaint certainly cannot be deemed "...simple, concise, and direct." As required by Fed. R. Civ. P. 8(e)(1).

---

[fnt.1] Defendant's memorandum employs an incomprehensible page numbering 'system'. Said memorandum is eight pages in length, but does not contain any pages numbered "7" or "8". However, said memorandum does contain two pages numbered as page "4" and two pages numbered as page "5", scattered randomly throughout. Such careless copy and paste use of boilerplate language leads to difficulty in citing locations of specific excerpts and quotes.

Likewise, defendant's blatant use of material false statements which are contrary to the record evidence cannot properly be deemed to qualify as "...pleadings ... so construed as to do substantial justice." as required by Fed. R. Civ. P. 8 (f).

Defendant's motion fares no better. In less than two pages of text, defendant manages to raise its frivolous argument regarding a non-existent "refund" suit four times.

Next, Counsel boldly asserts, "Plaintiff has also failed to demonstrate that he filed an administrative claim for damages, which is required before the United States' sovereign immunity is waived."(Def.'s Mot. pg 1 ¶ 2). This statement by Counsel is patently false and directly contrary to the record evidence already on the Docket in the instant matter. Of course, false statements such as those made by Counsel cannot possibly be deemed as meeting the "...substantial justice." requirement of Fed. R. Civ. P. 8(f).

When weighed against Fed. R. Civ. P. 12 (f), defendant's motion and memorandum clearly meet the requirements of a pleading(s) which should be ordered stricken. Defendant's pleadings carry nothing more than intentionally misleading and evasive arguments. Such tactics cannot possibly be construed as a sufficient defense to the Plaintiff's claim, because defendant intentionally evades the issues brought in the complaint.

Defendant's "refund" suit arguments are misplaced. Counsel is fully aware of the fact that Plaintiff is not suing for a refund. Thus, all arguments asserted by Counsel directed to her imaginary "refund" suit must be deemed immaterial. Further, defendant and Counsel being fully aware of the true nature (a damages claim) of Plaintiff's complaint, all of the evasive and intentionally misleading arguments proffered in the subject motion and memorandum should be seen as impertinent and repugnant to the Judicial process.

## V. CONCLUSION

For the foregoing reasons, Plaintiff, Patrick Lee Bohall, respectfully requests that the Court strike the subject motion and memorandum (Dkt. # 19) in their entirety.

Alternatively, Plaintiff respectfully requests that the Court strike all parts of the subject motion and memorandum which are immaterial, misleading, patently false, or otherwise in violation of the aforesaid Federal Rules of Civil Procedure.

Dated: June 4, 2007

Respectfully submitted,

*/s/ Patrick Lee Bohall*

Patrick Lee Bohall

CERTIFICATE OF SERVICE

I certify that on June 4, 2007, a true and complete copy of the foregoing Motion to Strike, Memorandum, and proposed Orders was served by U. S. Mail upon the following, and addressed as follows:

BEATRIZ T. SAIZ
Trial Attorney
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

By: _____
Patrick Lee Bohall