IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK LEE BOHALL | ) |
| | ) |
| Plaintiff, | ) No. 1:06CV01482 (HHK) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE AND MOTION FOR SANCTIONS**

The United States opposes plaintiff's motion to strike and motion for sanctions. Since both motions pertain to the United States' motion to dismiss plaintiff's amended complaint, the United States addresses both motions in one opposition. The motion to strike the amended complaint and motion to sanction undersigned counsel are meritless and should be denied.

Plaintiff asserts that the motion to dismiss the amended complaint includes material false statements, misrepresentations of law and fact, and frivolous arguments. Plaintiff's assertions are baseless. Plaintiff's motions lack even an iota of merit. The United States' motion to dismiss the amended complaint is based upon statutory authority and well-developed case law as evidenced in the supporting memorandum filed with the motion to dismiss. Since the United States' motion to dismiss plaintiff's amended complaint is well-founded in law, there is certainly no basis for requesting sanctions or for striking the motion from the record.

First, the United States did not misrepresent the facts of this case when it characterized plaintiff's request for replevin as a refund claim. Plaintiff seeks an action of replevin for any and all property taken from Plaintiff without complete due process of tax law. (Remedy Sought ¶ 2.) The United States characterization was appropriate as courts have found an action of replevin to be a refund claim. See Brennan v. Southwest Airlines Co., 134 F.3d 1405, 1410-11 (9th Cir. 1998). "Plaintiffs' replevin claim is essentially a claim for a refund of taxes paid." Mast v. United States, 2007 WL 495804, *1 (D.D.C. Feb. 13, 2007); see also Ross v. United States, 460 F. Supp.2d 139, 152 (D.D.C. 2006) (finding claim for replevin to be a refund suit and properly analyzed under section 7422 of the Internal Revenue Code). The United States properly characterized plaintiff's replevin claim as a refund claim under section 7422 of the Internal Revenue Code.

Second, the United States properly argued that venue was improper in this refund suit. Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper only in the judicial district in which the plaintiff resides. Inasmuch as plaintiff is a resident of Nebraska (Compl. Parties), venue in this Court is improper. Since the United States properly analyzed plaintiff's replevin claim as a refund claim, it necessarily follows that the venue argument was proper.

Third, the United States properly asserted that the plaintiff failed to exhaust his administrative remedies. Plaintiff's amended complaint makes no mention of an administrative claim. Prior to filing a refund claim or a damages claim under Section

7433 of the Internal Revenue Code, a taxpayer must exhaust his administrative remedies. As plaintiff failed to allege these facts, the United States properly moved to dismiss plaintiff's amended complaint.

Finally, the United States' arguments related to alleged constitutional violations were not frivolous. In his amended complaint, plaintiff seeks replevin of any and all property taken from Plaintiff without complete due process of tax law. Plaintiff's allegations regarding due process can be construed as claims against the United States for violations of the Fifth Amendment. As such, the United States properly addressed the constitutional claim and asserted that such a claim is barred by the doctrine of sovereign immunity.

For the reasons provided herein, the United States requests that the Court deny plaintiff's motion to strike and motion for sanctions.

DATED: June 15, 2007.    Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney