RECEIVED
JUN 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

Patrick Lee Bohall,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

No. 1:06CV01482 (HHK)

REPY TO OPPOSITION TO
MOTION TO STRIKE AND
MOTION FOR SANCTIONS

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO STRIKE AND MOTION FOR SANCTIONS

Defendant, through Counsel, has filed its opposition (Dkt # 25) to Plaintiff's motion to strike and motion for sanctions. Defendant's attempt to forestall the sanctions requested by Plaintiff fails. Likewise, Defendant's attempt to prevent the striking of its motion to dismiss fails. Defendant's opposition to the aforesaid motions fails to present any grounds for the preclusion defendant seeks, as follows:

**PLAINTIFF'S MOTIONS ARE MERITORIOUS**

Plaintiff's motion to strike (Dkt # 24) and motion for sanctions (Dkt # 22) are supported by decisional authorities and well grounded in the Federal Rules of Civil Procedure. Each of the aforesaid motions was presented to the Court accompanied by an exhaustive memorandum carrying applicable authorities. Additionally, the record evidence referenced in said motions and the subject motion to dismiss against which Plaintiff's motions are weighed, offer further support to the validity of Plaintiff's motions.

Plaintiff, therefore, reiterates all assertions made in the aforesaid motions.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS**

Defendant purports to oppose Plaintiff's motions without addressing the key issues which Plaintiff brought to bear. Plaintiff raised numerous issues which warrant sanctions against Counsel and striking of defendant's motion to dismiss.

Counsel for the defendant chooses only to (dubiously) address three of the issues presented, and vigorously argues to create a Constitutional issue where none exists.

First, Counsel continues to misrepresent Plaintiff's action as a "refund claim". This effort by Counsel fails in the teeth of her admission on the record at Docket # 19, on or near page three, [Fnt #1] wherein Counsel admits the instant action is a damages action brought under 26 U.S.C. §7433. Thus, Counsel's continual misrepresentations and mischaracterizations are unavailing. Moreover, the replevin sought by Plaintiff is but a small portion of the relief sought, and Counsel does not dispute that said relief is sought by way of a damages action brought under 26 U.S.C. §7433. Thus, Counsel's repeated attempts at mischaracterization have lead to fatal admissions that jurisdiction is proper.

Second, Counsel attempts to defend her meritless venue argument. Such a defense is impossible when taken together with Counsel's previously noted admissions that the instant action is a damages action brought under 26 U.S.C. §7433. Counsel's arguments regarding venue must fail. Indeed, all such arguments proffered by Counsel are based entirely on Counsel's intentional mischaracterizations of the instant matter as a refund suit.

---

[Fnt #1] Although Counsel's memorandum consists of eight pages, there are no pages numbered -7- or -8-. There are, however, two pages numbered -4-, and two pages numbered -5-; none of which are sequentially correct. This problem was previously addressed in Plaintiff's motion for sanctions and the memorandum thereto. However, Counsel, ignoring the safe harbor opportunity which she was afforded, allowed her burdensome and incomprehensible pleading to remain on the Docket. This act of negligence and impertinence alone is sufficient cause for the Court to grant both of Plaintiff's motions.

Neither Counsel's "refund claim" argument, nor her "venue" argument have any evidentiary support, and both arguments violate Fed. R. Civ. P. 11(b)(3)(4). In short, Counsel's attempt to defend against an Order imposing sanctions fails.

Third, Counsel falsely asserts that Plaintiff failed to exhaust administrative remedies. The Court should see this false assertion by Counsel as an indication of untruthfulness sufficient to warrant sanctions. Counsel is keenly aware of the fact that Plaintiff exhausted administrative remedies. Indeed, Counsel was served a copy of Plaintiff's Administrative Claim, which is also part of the record evidence as Exhibit H.

Moreover, Counsel's frivolous "exhaustion" argument fails as superseded. As detailed in Plaintiff's memorandum in support of his motion for sanctions, Counsel's "exhaustion" argument is patently frivolous.

Exhaustion of administrative remedies is an issue which has been laid to rest by recent Supreme Court jurisprudence. In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., put all such arguments regarding administrative exhaustion to rest.

Thus, Counsel's "exhaustion" argument *is* frivolous as asserted by Plaintiff. Counsel's argument is in clear and blatant violation of Fed. R. Civ. P. 11(b) (2) and (4), and her attempts to defend against sanctions and striking of the subject motion to dismiss have failed.

Finally, Counsel argues that Plaintiff has raised Constitutional issues. Counsel is intentionally misrepresenting the amended complaint. Counsel's assertion that Plaintiff's amended complaint can, somehow, be construed as a claim against the United States for violations of the Fifth Amendment is absurd.

Plaintiff is suing, as Counsel admits, under 26 U.S.C. §7433 for damages. Nowhere in Plaintiff's amended complaint is the Fifth Amendment argued, asserted, or otherwise raised.

Thus, Counsel's Fifth Amendment arguments are frivolous, immaterial, and intentional misrepresentations of the amended complaint. Plaintiff correctly sought to have defendant's motion to dismiss stricken pursuant to Fed. R. Civ. P. 12 (f).

### CONCLUSION

Defendant's opposition to Plaintiff's motions for sanctions and to strike fails on every ground upon which it purportedly relied. Indeed, defendant's opposition itself (Dkt #25) amounts to a continuation of the immaterial and impertinent assertions and arguments already complained of. Such redundant use of clearly frivolous arguments should be seen as an affront to the dignity of this Honorable Court. For the foregoing reasons, Plaintiff respectfully requests that the Court issue Orders granting Plaintiff's motion to strike and motion for sanctions.

Dated: June 25, 2007

Respectfully submitted,

Patrick Lee Bohall

## CERTIFICATE OF SERVICE

I certify that a true, correct, and complete copy of the foregoing PLAINTIFF'REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO STRIKE AND MOTION FOR SANCTIONS was served upon Counsel for defendant on June 25, 2007, by USPS, addressed as follows:

Beatriz T. Saiz
U.S. Dept. of Justice
P.O. Box 227
Washington, D.C. 20044

Date: June 25, 2007

By: *[signature]*

Patrick Lee Bohall