UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Patrick Lee Bohall,                               No. 1:06-cv-01482 (HHK)

       Plaintiff,                                REPLY TO DEFENDANT'S
v.                                                OPPOSITION TO PLAINTIFF'S
                                                  MOTION FOR LEAVE TO AMEND
UNITED STATES,

       Defendant.

_____/

RECEIVED
JUL 13 2007

NANCY M... WHITTINGTON, CLERK
U.S. DISTRICT COURT

### REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff, Patrick Lee Bohall, hereby replies to defendant's opposition to Plaintiff's motion for leave to amend. Because Plaintiff has shown good cause for the Court to grant the leave requested, and because defendant's opposition is groundless and intentionally misleading, Plaintiff's motion for leave to amend should be granted.

### COUNSEL ESSENTIALLY ATTEMPTS TO PROFFER TWO ARGUMENTS

**First**, Counsel asserts that Plaintiff did not show good cause for the Court to grant leave to amend. However, Plaintiff's motion (Dkt #27-1) contains plain and unambiguous language asserting that "Plaintiff, proceeding pro se, inadvertently omitted fundamental issues...". Plaintiff's language could not be clearer. This pro se Plaintiff showed good cause by forthrightly asserting inadvertent omissions. Rule 15(a) provides that leave to amend "shall be liberally given when justice so requires." The Court should grant Plaintiff leave to amend.

Further, the defendant could not possibly be prejudiced by the Court granting Plaintiff leave to amend. The record shows Counsel for the defendant did not enter a notice of appearance until four months after the defendant had been served. Counsel's inferences of "undue delay' and "dilatory motive" (Def's Opp. pg 1 ¶ 2) are preposterous in the teeth of defendant's delays and inattentiveness which are evident on the record.

Plaintiff has no such designs. Plaintiff's motion for leave to amend is genuine in every respect and not brought for any ulterior motive. Good cause having been shown, and there being no possibility of prejudice to the non-moving party, the Court should grant Plaintiff's motion.

**Next**, Counsel for the defendant attempts to mischaracterize Plaintiff's complaint as futile. However, even Counsel's intentional misconstruction of the complaint is insufficient to support the alleged futility Counsel attempts to argue.

Defendant's assertion that Plaintiff's complaint "is merely an improper attempt to challenge the underlying tax liability" (Def's Opp pg 2 ¶ 1) must be seen as an intentional misconstruction or misrepresentation of my Second Amended Complaint.

In frivolously asserting that the instant action "is merely an improper attempt to challenge the underlying tax liability" defendant cites *McGuirl v United States*, 360 F.Supp.2d 125,128 (D.D.C2.0 04), a case which was decided upon failure to exhaust administrative remedies under Internal Revenue Code section 7433, the statute under which Plaintiff brings the instant action. Defendant's citing of McGuirl is a deceptive ploy designed to mislead the Court's attention away from the record evidence. The record in the instant matter consists of Plaintiff's Exhibit H, (Dkt #14) which proves conclusively that this Plaintiff exhausted administrative remedies pursuant to IRS section 7433. Defendant's assertion is intentionally "supported" by a citation Counsel knows to be inapplicable. Moreover, the assertion itself is patently false.

Thus, Counsel's argument is revealed as one which relies upon failure to exhaust as a basis for dismissal, while attempting to avoid actual assertion thereof. Counsel's citations to *Arnett v. United States*, 889 F. Supp. 1424, 1430 (D. Kan. 1995) and *Sylvester v. United States* 978 F. Supp. 1186 (E.D. Wis. 1997) border upon perpetrating a fraud upon the Court; both of the cited cases, as specified and conceded by defendant, relate to "actions taken during assessment of tax under 26 U.S.C. 6672", and "allegation that IRS incorrectly computed Section 6672 liability". As such, said citations are completely irrelevant to the instant action.

Even Counsel's third citation, that of *Zolman v. IRS*, 87 F. Supp. 2d 765 (W.D. Mich. 1999), is fatally impaired by Counsel's incidental admission that this cited case was limited, specifying "mere assertion of improper assessment of tax liability, *without more*, is insufficient". The significance of the language "*without more*", when weighed against Plaintiff's Second Amended Complaint, immediately reveals the inapplicability of Counsel's citation. A review of my Second Amended Complaint shows that there is, in fact, much more than "mere assertion of improper assessment" alleged.

Counsel has misrepresented the cited cases consistently throughout the defendant's opposition to my motion. Such mendacity, frivolity, and redundancy should not work to the advantage of defendant. The Court should decline Counsel's invitation to improperly bar this Plaintiff from taking leave to file his Second Amended Complaint.

Based on the foregoing, Plaintiff's Motion for Leave to Amend should be granted.

Date: July 10, 2007

Respectfully submitted,

*[signature]*
Patrick Lee Bohall

## CERTIFICATE OF SERVICE

    I certify that a true, correct, and complete copy of the foregoing REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND was served upon Counsel for defendant on the 10th day of July, 2007, by USPS, addressed as follows:

BEATRIZ T. SAIZ
Trial Attorney
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

Date: July 10, 2007

Patrick Lee Bohall