UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICK LEE BOHALL,

   Plaintiff,

  v.

UNITED STATES

   Defendant.

Civil Action No. 06-1482
HHK/DAR

## REPORT AND RECOMMENDATION

This action was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to Local Civil Rule 72.3 with respect to the United States' Motion to Dismiss Amended Complaint (Document No. 19) and Plaintiff's Motion for Leave to Amend [his Amended Complaint] (Document No. 27). July 6, 2007 Order (Document No. 31) at 1.[1] Upon consideration of Plaintiff's Motion for Leave to Amend, the United States' opposition thereto (Document No. 30), Plaintiff's reply (Document No. 32) and the entire record herein, the undersigned recommends that Plaintiff's motion be granted and Defendant's motion be denied as moot.

**BACKGROUND**

Plaintiff, proceeding *pro se,* commenced this action in August, 2006. In his 31-count Complaint, Plaintiff alleged that Defendant "disregarded" enumerated provisions or the "Internal

---

[1] Plaintiff was granted an enlargement of time of 20 days from the decision on his motion for leave to file his Second Amended Complaint in which to file his opposition to the United States' Motion to Dismiss Amended Complaint (see July 17, 2007 Minute Order).

Bohall v. United States                                                                                                              2

Revenue Code" and the Code of Federal Regulations.  As relief, Plaintiff sought damages in the amount of $10,000 "per disregard"; "replevin" of property taken from him "without complete due process of tax law"; "such other and further relief as the court deems just and proper[,]" and an injunction against "further [action] in disregard of law or regulation."  Verified Complaint, Petition, and Claim for Damages in the Nature of a Complaint, Petition, and Claim for Damages Under the Authority of 26 U.S.C. § 7433 (Document No. 1).

The United States moved to dismiss Plaintiff's Complaint on three grounds: (1) lack of subject matter jurisdiction; (2) the injunctive relief requested by Plaintiff is barred by the Anti-Injunction Act; and (3) Plaintiff failed to properly serve the United States.  *See generally* United States' Motion to Dismiss (Document No. 8).[2]  After the motion to dismiss had been fully briefed (*see* Document Nos. 14, 15, 16) but in advance of any ruling on it, Plaintiff filed an amended complaint.  *See* <u>Amended</u> Verified Complaint, Petition, and Claim for Damages Pursuant to 26 U.S.C. § 7433 (Document No. 17).  Thereafter, the court denied as moot the then-pending motion to dismiss Plaintiff's first complaint (Document No. 18).

Defendant then moved to dismiss Plaintiff's amended complaint on the grounds that (1) the court lacks subject-matter jurisdiction over Plaintiff's refund claim, unauthorized collection claim and constitutional claims, and (2) venue in this district is improper.  United States' Motion to Dismiss Amended Complaint (Document No. 19) at 1.[3]

Plaintiff then requested leave to file his Second Amended Complaint, and attached the

---

[2]  Plaintiff filed a "Request for Entry of Default" (Document No. 4) on November 29, 2006, and the Clerk entered a default pursuant to the request.  The United States, on the same day it filed the motion to dismiss, also filed a motion to vacate the Clerk's entry of default.  Said motion was granted on February 7, 2007.  February 7, 2007 Order (Document No. 12) at 1.

[3]  *See* n.1, *supra.*

Bohall v. United States                                                                                                                3

proposed Second Amended Complaint as an exhibit.  Plaintiff's Motion for Leave to Amend at 1; *see also* Attachment 1.  In support of his motion, Plaintiff states that "proceeding pro se, [he] inadvertently omitted fundamental issues from his Amended Complaint[,]" and "Defendant has not entered a responsive pleading . . . and will not be prejudiced by Plaintiff's amendment." *Id.* Attachment 2–Exhibit 1 to the proposed Second Amended Complaint–is a Form 668 (Y) (c) Notice of Federal Tax Lien on which Plaintiff's name appears as the taxpayer, and a two-page Form 4549 Income Tax Examination Changes on which Plaintiff and "Jan V. Bohall" are identified as the taxpayer.  Attachment 3–Exhibit 2 to the proposed Second Amended Complaint–is a two-page affidavit of the Plaintiff which includes, *inter alia,* Plaintiff's sworn assertions that he "is not in possession of any document which verifies that defendant has complied" with the various provision of the United States Code which Plaintiff suggests govern his causes of action.

Defendant, citing *Foman v. Davis,* 371 U.S. 178, 182 (1962), submits that Plaintiff's motion for leave to file his Second Amended Complaint should be denied "[b]ecause [P]laintiff has failed to show cause why leave should be given or why justice so requires[.]" United States' Opposition to Plaintiff's Motion for Leave to Amend ("Defendant's Opposition") (Document No. 30) at 1.  More specifically, Defendant maintains that Plaintiff's proposed Second Amended Complaint "is a futile amendment of the original complaint and the first amended complaint." *Id.*  Defendant further maintains that this court does not have jurisdiction over Plaintiff's §7433 claim, "because [P]laintiff's claim is merely an improper attempt to challenge the underlying tax liability[,]" and "is based on the belief that the assessment of any tax was improper." *Id.* at 2.

Bohall v. United States                                                                                                          4

Defendant submits, in summary, that "[Plaintiff's] allegations are insufficient to sustain an action under 26 U.S.C. § 7433. *Id.* (citing *Arnett v. United States,* 889 F. Supp. 1424 (D. Kan. 1995); *Sylvester v. United States,* 978 F. Supp. 1186 (E.D. Wis. 1997); *Zolman v. IRS,* 87 F. Supp. 2d 763 (W.D. Mich. 1999)).

Plaintiff, in his reply, characterizes Defendant's opposition as "groundless and intentionally misleading." Reply to Defendant's Opposition to Plaintiff's Motion for Leave to Amend (Document No. 32) at 1. Plaintiff submits that he "showed good cause [for the court to grant leave to amend] by forthrightly asserting inadvertent omissions." *Id.* Plaintiff further submits that Defendant "could not possibly be prejudiced" by the grant of his motion for leave to file his proposed Second Amended Complaint, and that his motion "[is] not brought for any ulterior motive." *Id.* at 2. Plaintiff disputes Defendant's assertion that his claim "is merely an improper attempt to challenge the underlying tax liability[]" (*see* Defendant's Opposition at 2), and maintains that the cases on which Defendant relies are irrelevant. *Id.* at 2-3.

**DISCUSSION**

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading[ .] . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED.R.CIV.P. 15(a). Another judge of this court recently observed that "[a]ccording to decisions of this circuit, Rule 15(a) 'guarantee[s] a plaintiff an absolute right' to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not

Bohall v. United States                                                                                               5

decided a motion to dismiss." *Amore ex rel. Estates of Amore v. Accor.*, Civ.A.No. 06-0198, 2008 WL 101708, at *4 (D.D.C. January 10, 2008) (citations omitted). While the determination of a motion for leave to amend a complaint rests within the sound discretion of the trial court, the trial court "must, however, heed Rule 15's mandate that leave is to be 'freely given when justice so requires.'" *Id.* at *5 (citations omitted). Denial of a motion for leave to amend a complaint may constitute an abuse of discretion "unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments." *Id.* (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1083 (D.C. Cir. 1998); *see also Djourabchi v. Self,* 240 F.R.D. 5, 13 (D.D.C. 2006) (citing *Richardson v. United States,* 193 F.3d 545, 548-49 (D.C. Cir. 1999)).

      Here, Plaintiff has already amended his complaint "once as matter of course"; however, Defendant has not yet served a responsive pleading,[4] and the court has not decided a motion to dismiss. The sole ground of Defendant's opposition to Plaintiff's motion for leave to amend is that Plaintiff's proposed Second Amended Complaint "is a futile amendment of the original complaint and the first amended complaint[]" (Defendant's Opposition at 2); Accordingly, this court must consider whether Plaintiff, by his proposed Second Amended Complaint, "merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." *Amore,* 2008 WL 101708, at *5 (citing *Willoughby v. Potomac Elec. Power Co.,* 100 F.3d 999,

---

[4] A motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a) of the Federal Rules of Civil Procedure. *Amore,* 2008 WL 101708, at *4 (citations omitted).

Bohall v. United States                                                                                                            6

1003 (D.C. Cir. 1996); *Robinson v. Detroit News, Inc.,* 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (quoting 3 FED. PRAC. 3d § 15.15[3])).

In support of its contention that Plaintiff's proposed Second Amended Complaint "is a futile amendment of the original complaint and the first amended complaint[]" (Defendant's Opposition at 1), Defendant asserts summarily, in its opposition of fewer than two pages of text, that "the Court lacks jurisdiction to grant the relief sought by [P]laintiff . . . because [his] claim is merely an improper attempt to challenge the underlying tax liability." *Id.* at 2.  However, the undersigned observes that Plaintiff, in his proposed Second Amended Complaint, attempts to state claims broader than a challenge to the tax liability assessed against him, and seeks relief in addition to the payment of damages.  *See, e.g.,* Proposed Second Amended Complaint, Counts 1-13 (alleging Defendant's failure to comply with various provisions of the Internal Revenue Code), and "Remedy Sought[,]" ¶¶ 1-2 (requesting relief in the nature of injunctive relief).  Accordingly, the three authorities on which Defendant, in its opposition to Plaintiff's motion for leave to amend, are not entirely applicable;[5] indeed, Defendant makes no effort to discuss the three authorities in the context of the averments made by Plaintiff in his proposed Second Amended Complaint.  *See* Defendant's Opposition at 2.[6]

Moreover, the undersigned observes that Defendant does not allege that it would be

---

[5] Defendant includes a comprehensive discussion of the three authorities, as well as a number of others, in the United States' Motion to Dismiss Amended Complaint (Document No. 19).  However, that motion is addressed to Plaintiff's Amended (rather than his proposed Second Amended) Complaint.

[6] All three of the decisions – *Zolman v. IRS,* 87 F. Supp. 2d 783 (W.D. Mich. 1999); *Sylvester v. United States,* 978 F.Supp. 1186 (E.D. Wis. 1997); *Arnett v. United States,* 889 F. Supp. 1424 (D. Kan. 1995) – were predicated upon a determination of a motion to dismiss, and based upon consideration of a pleading distinguishable in some material respects from the proposed Second Amended Complaint at issue here.  *See, e.g., Arnett,* 889 F. Supp. at 1426 (the government moved to dismiss the pleading on the ground of failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted; only money damages were sought).

Bohall v. United States                                                                                                               7

prejudiced by the grant of Plaintiff's motion for leave to amend.  This court has held that "[t]he most important factor the Court must consider when deciding whether to grant a motion for leave to amend is the possibility of prejudice to the opposing party." *Djourabichi,* 240 F.R.D. at 13 (citations omitted); *see also American Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. and Barnum Bailey Circus, et al., 246 F.R.D. 39, 44 (D.D.C. 2007)* (citing *Djourabichi*). Indeed, the District of Columbia Circuit has held that "[i]f no prejudice [to the non-moving party] is found, the amendment will be allowed." *Caribbean Broad. Sys., Ltd.,* 148 F.3d at 1084 (citing 6 Charles Alan Wright, Arthur P. Miller & Mary K. Kane, Federal Practice & Procedure: Civil 2d § 1488, at 652, 659, 662-69 (1990 & Supp. 1997)).

**CONCLUSION**

For the foregoing reasons, it is, this 19th day of February, 2008,

**RECOMMENDED** that Plaintiff's Motion for Leave to Amend (Document No. 27) be **GRANTED;** and it is

**FURTHER RECOMMENDED** that Defendant serve and file its answer to Plaintiff's Second Amended Complaint, or move to dismiss said pleading, within 20 days of the filing thereof; and it is

Bohall v. United States                                                                                                                  8

**FURTHER RECOMMENDED** that the now-pending United States' Motion to Dismiss Amended Complaint (Document No. 19) be **DENIED AS MOOT.**[7]

                                                                                                  /s/
                                                    DEBORAH A. ROBINSON
                                                    United States Magistrate Judge

      Within ten days after being served with a copy, either party may file written objections to this report and recommendation.  The objections shall specifically identify the portions of the findings and recommendations to which objection is made, and the basis of the objection.  In the absence of timely objections, further review of issues addressed in this report and recommendation may be deemed waived.

---

[7] *See* n.5, *supra.*