# United States District Court
## IN THE DISTRICT OF COLUMBIA

Patrick Lee Bohall,

    Plaintiff,

v.

Case No: 1:06-cv-01482-HHK-DAR

UNITED STATES (Government),

    Defendant.

## RESPONSE TO MOTION TO DISMISS
## AND
## REQUEST FOR LEAVE TO AMEND COMPLAINT

### I
### INTRODUCTION

1.  Defendant asserts:

> This Court does not have jurisdiction over counts 1 through 26, 28, 29, and 32 through 39 of plaintiff's section 7433 claim because those counts of the complaint are merely an improper attempt to challenge the underlying tax liability. These counts do not relate to collection activities.
>
> Section 7433 authorizes damages for wrongful collection activities only. See, e.g., Buaiz v. United States, 471 F. Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes")

(Motion to Dismiss, p. 2).

> Plaintiff's complaint includes three counts (27, 30, and 31) which relate to collection activities. However, these counts are legally insufficient because they fail to provide the necessary factual detail to state a claim, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

(Motion to Dismiss, p. 3).

2.  In *Shane v United States*, 1:07-cv-00577-RBW (January, 2008), the Court

RECEIVED
JUL 10 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

addressed defendant's ubiquitous "trotting out" of the tired old horse named "Sovereign Immunity" with respect to claims under IRC 7433:

> "As this Court has explained repeatedly in a series of decisions issued over the past two years, the defendant cannot denominate every possible defense available to it as "jurisdictional" in nature merely because those defenses relate in some abstract way to the defendant's sovereign immunity. See ... Lindsey v. United States, 448 F. Supp. 2d 37, 50-54 (D.D.C. 2006) (Walton, J.) ("Only where a statute contains sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion may courts conclude that a particular exhaustion requirement is jurisdictional." (Internal quotation and citation omitted.)). Indeed, the Court specifically held in Lindsey that "the exhaustion requirement imposed by § 7433 is not jurisdictional," Lindsey, 448 F. Supp. 2d at 54, because "[n]othing in the language of § 7433(d)(1) suggests that Congress intended to impose a jurisdictional barrier to taxpayer suits seeking damages for the conduct of the IRS," id. at 52 (citing Avocados Plus v. Veneman, 370 F.3d 1243, 1248 (D.C. Cir. 2004)). The rationale behind these rulings is altogether straightforward: unless Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, . . . courts should treat the restriction as nonjurisdictional in character." Arbaugh v. Y & H Corp., 546 U.S. 500, 502 (2006).

## II

## RESPONSE TO MOTION TO DISMISS

3. First addressing defendant's assertion that counts 27, 30, and 31 are legally insufficient...and should be dismissed under Fed. R. Civ. P. 12(b)(6)", *Shane* noted:

> Broadly speaking, there are two types of Rule 12(b)(1) motions. "A facial challenge attacks 'the factual allegations of the complaint' that are contained on 'the face of the complaint,' while a factual challenge is addressed to the underlying facts contained in the complaint." Al-Owhali, 279 F. Supp. 2d at 20 (quoting Loughlin v. United States, 230 F. Supp. 2d 26, 35-36 (D.D.C. 2002) (citations omitted))...**For this latter type of challenge, plaintiffs must "be given an opportunity for discovery of facts necessary to establish jurisdiction." Ignatiev v. United States, 238 F.3d 464, 467 (D.C. Cir. 2001) (citations omitted).** (emphasis added)

4. It appears that defendant is posing "this latter type of challenge", i.e., that Plaintiff's

Complaint in the instant case is factually deficient in respect of "...those "counts" arguably involving collection activity...". If this analysis is correct, Plaintiff asserts that dismissal would be a drastic remedy[1], and that the ends of justice, for which this Honorable Court, and its Rules, exist, would be best served by affording this *pro se* Plaintiff an opportunity - similar to the *Ignatiev* "opportunity for discovery of facts" - to amend his Complaint to include a Statement of Facts to cure any factual insufficiency.

5. As to the allegations about which defendant asserts that "This Court does not have jurisdiction over ..." (counts 1 through 26, 28, 29, and 32 through 39), it appears that Members of the Court are already in agreement with the defendant's position:

> ""[C]ourts have narrowly interpreted § 7433," such that this statutory provision "does not provide a cause of action for wrongful tax assessment or other actions that are not specifically related to the collection of income tax." Buaiz v. United States, 471 F. Supp. 2d 129, 135 (D.D.C. 2007). Every circuit court of appeals that has addressed this issue has construed § 7433 in this manner, see id. (collecting cases),8 and "[d]istrict courts in other circuits–including this circuit–have also reached the conclusion that § 7433 is strictly limited to actions based on the collection of taxes," id.; see also Bryant v. United States, ___ F. Supp. 2d ___, 2007 WL 4465509, *3 (D.D.C. Dec. 21, 2007) (agreeing with the Court's analysis in Buaiz regarding the scope of § 7433); Spahr v. United States, 501 F. Supp. 2d 92, 95-96 (D.D.C. 2007) (same) Evans-Hoke v. Paulson, 503 F. Supp. 2d 83, 86 (D.D.C. 2007) (same)." *Shane*, p. 15.

6. In respect of the Courts' considered decisions[2] that [counts 1 through 13, 15 through 26, 28, 29, 32, 33, and 34] are without the Court's jurisdiction under the "complex

---

[1] In that "12(b)(6) presents a ruling on the merits with res judicata effect." *Al-Owhali v. Ashcroft*, 279 F.Supp. 2d 13, 20 (D.D.C. 2003)" *Shane*, p. 6.

[2] Jaeger v. United States Government, 524 F. Supp. 2d 60 (D.D.C. 2007); Buaiz v. United States, 471 F. Supp. 2d 129, 136 (D.D.C. 2007); Bryant v. United States, ___ F. Supp. 2d ___, 2007 WL 4465509, *3 (D.D.C. Dec. 21, 2007); Spahr v. United States, 501 F. Supp. 2d 92, 95-96 (D.D.C. 2007); Evans-Hoke v. Paulson, 503 F. Supp. 2d 83, 86 (D.D.C. 2007), etc.

statutory scheme regulating the relationship between taxpayers and the IRS" *Buaiz*, p. 9, citing Rossotti, 317 F.3d at 411, Plaintiff pro se seeks leave to follow *Buaiz*' suggestion by amending his complaint to bring counts 1 through 13, 15 through 26, 28, 29, 32, 33, and 34 as *Bivens*[3] claims, over which jurisdiction cannot reasonably be questioned.

### III

### PLAINTIFF SEEK(S) LEAVE TO AMEND TO INCLUDE A STATEMENT OF FACTS AND TO ADVANCE ADDITIONAL JURISDICTIONAL BASIS

7. Fed. R. Civ. P. 15(a)(2) requires a Party to seek consent of the adverse party, or leave of Court to amend, after having once amended a Complaint. Plaintiff, a *pro se* litigant, requests the Court grant leave to amend to include a statement of facts and to advance additional jurisdictional basis, respectfully noting that leave "shall be freely given when justice so requires". Rule 15(a), Federal Rules of Civil Procedure.

### IV.

### AMENDMENT TO CURE ANY PURPORTED JURISDICTIONAL OR FACTUAL DEFICIENCIES WILL REQUIRE LATITUDE IN RESPECT OF TIME

8. Plaintiff can and will provide the STATEMENT OF FACTS to support his Complaint, and its Amendment, but Plaintiff, a *pro se*, will need time to prepare same, particularly as to the *Bivens* claims, and respectfully requests a period of sixty (60) days from the date of the order granting the Motion to Amend

---

[3] *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

incorporated herein to complete the arduous task of detailing the factual support for each count.

9. Plaintiff *pro se* believes that defendant will not, and cannot, be prejudiced by the Court's grant of this motion, in that defendant will only, at most, be required to answer the Complaint so amended (at which time defendant may raise any affirmative defenses).

WHEREFORE, Plaintiff request(s) the Court grant leave, and time, for Plaintiff *pro se* to prepare and file his Third Amended Complaint.

Dated: July 9, 2008

Patrick Lee Bohall

CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on defendant's attorney at his address of record.

Dated _____July 9_____, 2008

_____
Patrick Lee Bohall