UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK LEE BOHALL,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES GOVERNMENT,<br><br>    Defendant. | Civil Action 06-01482 (HHK) |

MEMORANDUM OPINION

  Patrick Lee Bohall, proceeding *pro se*, brings this action against the United States alleging that the United States disregarded various provisions of the Internal Revenue Code ("IRC"), 26 U.S.C. §§ 1 *et seq*. Bohall seeks damages under section 7433 of the IRC and injunctive relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq*. The United States moves to dismiss Bohall's complaint for lack of subject matter jurisdiction regarding most of the counts and for failure to state a claim regarding the remainder [# 39]. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion should be granted.

  Bohall's complaint contains thirty-nine counts. With respect to counts 1 through 26, 28, 29, and 32 through 39, the United States argues that this court lacks subject matter jurisdiction because the counts do not allege wrongful tax collection activity. Section 7433 of the IRC, the United States argues, waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes. Bohall responds that "Members of the Court are

already in agreement with defendant's position." Pl.'s Opp. to Def.'s Mot. to Dismiss at 3.[1]  The position of the United States has merit.

In counts 1 through 26, 28, 29, and 32 through 39, Bohall does not allege that the United States wrongfully collected taxes from him.  Instead he asserts, without any factual support, that the United States has disregarded various regulations.  For example, count 1 alleges that

> By disregard of Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant . . . failed to notify Plaintiff, by notice served or by regulation, of the imposition of a requirement keep [sic] records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code.

Complaint Count 1.  Because these counts do not arise from the collection of taxes, the court dismisses them for lack of subject matter jurisdiction.  *See Eliason v. United States*, 551 F. Supp. 2d 63, 65 (D.D.C. 2008) (dismissing for lack of subject matter jurisdiction all claims that did not arise from the collection of taxes); *Buaiz v. United States*, 471 F. Supp. 2d 129, 135-36 (D.D.C. 2007) (same).[2]

With respect to counts 27, 30, and 31, the United States submits that these counts allege wrongful collection of taxes, but argues that they should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The United States contends that Bohall's

---

[1] Bohall also asks leave to amend his second amended complaint to convert these claims to *Bivens* claims.  The court denied his motion to do so by minute order on February 28, 2009.

[2] Bohall also asserts jurisdiction under the APA.  The APA does not waive sovereign immunity with respect to claims for damages.  *Buaiz*, 471 F. Supp. 2d at 138.  Bohall's claims for injunctive relief under the APA are barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), *see Foodservice Lodging Inst., Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987), for the reasons stated in the United States' motion to dismiss.  Any claim he may assert for declaratory relief is barred by the Declaratory Judgement Act, 28 U.S.C. § 2201(a), *see Foodservice*, 809 F.2d at 844.

complaint merely restates statutory language and alleges no facts to support its claims. Bohall responds that dismissal is a drastic remedy and that in the interest of justice the court should permit him to discover facts to cure any factual deficiency.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). Bohall's complaint is clearly deficient. Counts 27, 30 and 31 allege the following:

> COUNT 27
> By disregard of Internal Revenue Code section 6303, 68A Stat. 775, with intent to defeat the application thereof: defendant . . . failed to "within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof" with respect to tax imposed in Subtitle A of the Internal Revenue Code.
>
> COUNT 30
> By disregard of Internal Revenue Code section 6304, 112 Stat. 768, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant . . . engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."
>
> COUNT 31
> By disregard of Internal Revenue Code section 6320, 112 Stat. 746, with intent to defeat the application thereof: defendant . . . failed to hold a hearing in conjunction with subsections (c), (d) (other than paragraph 2(B) thereof), and (e) of section 6330.

Complaint Counts 27, 30 & 31. These allegations merely parrot statutory language and do not allege facts sufficient "to raise a right to relief above the speculative level." *See Twombly*, 127 S.Ct. at 1965. Therefore, the court dismisses these counts for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

      For the foregoing reasons, the court concludes that the motion of the United States should be granted and Bohall's second amended complaint should be dismissed. An appropriate order accompanies this memorandum opinion.

                                                                  Henry H. Kennedy, Jr.
                                                                  United States District Judge

Dated:  March 17, 2009